OPINION
{¶ 1} Defendant-appellant, William Bailey, appeals the denial of his "motion to reduce sentence" and his motion to withdraw a guilty plea in the Butler County Court of Common Pleas. We affirm the decision of the trial court.
 {¶ 2} On August 11, 1999, appellant was indicted on two counts of illegal use of a minor in nudity-oriented material. The charges involved appellant's creation, direction, production or transferring of material that showed two different minor children in a state of nudity. Appellant pled not guilty.
 {¶ 3} Appellant moved to suppress statements he made during an interrogation conducted by the Butler County Sheriff's Office. After a hearing on October 9, 1998, the trial court overruled the motion.
 {¶ 4} On January 15, 1999, appellant withdrew his not guilty plea and entered a negotiated Alford plea of guilty. See North Carolina v.Alford (1970), 400 U.S. 25, 91 S.Ct. 160. After addressing appellant personally and engaging him in a dialogue to determine that the guilty plea was voluntarily, knowingly, and intelligently made with the understanding of every right being waived by entry of the plea, the trial court accepted the guilty plea.
 {¶ 5} On March 5, 1999, the trial court sentenced appellant to four years in prison on the first count and three years in prison on the second court. Appellant was ordered to serve both sentences consecutively. On appeal, the convictions and the sentences were affirmed. State v. Bailey (July 24, 2000), Butler App. No CA99-03-067, motion for delayed appeal denied, 91 Ohio St.3d 1410.
 {¶ 6} On April 21, 2000, appellant filed a petition for post-conviction relief ("PCR"). On April 10, 2001 the trial court overruled the petition for PCR. No appeal was taken from that judgment. On January 30, 2003, appellant filed a motion to reduce his sentence and a motion to withdraw his guilty plea. The trial court overruled both motions on February 19, 2003. Appellant appeals the denial of his motions raising four assignments of error. We will address the first three assignments of error together as they are closely related:
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "The Trial Court Erred To The Prejudice Of Defendant Appellant In Overruling His Motion To Reduce Sentence That Was Filed On January 30, 2003."
 {¶ 9} Assignment of Error No. 2:
 {¶ 10} "The Trial Court Erred To The Prejudice Of Defendant Appellant In Overruling His Motion To Reduce Sentence That Was Filed On January 30, 2003, By Imposing Consecutive Sentences."
 {¶ 11} Assignment of Error No. 3:
 {¶ 12} "The Trial Court Erred To The Prejudice Of Defendant Appellant In Overruling His Motion To Reduce Sentence That Was Filed On January 30, 2002 [sic], By Stating That He Had Previously Served A Prison Term."
 {¶ 13} A motion to reduce sentence is a petition for postconviction relief as statutorily defined in R.C. 2941.25. See Statev. Reynolds, 79 Ohio St.3d 158, 160, 1997-Ohio-304. Appellant's January 30, 2003 petition to reduce sentence was subsequent to his petition for postconviction relief, filed on April 21, 2000. A court's consideration of successive petitions for postconviction relief is limited by R.C.2953.23(A) which states as follows:
 {¶ 14} "Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
 {¶ 15} "(1) Either of the following applies:
 {¶ 16} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 17} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 18} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 19} Appellant's petition for postconviction relief fails to satisfy the jurisdictional requirements of R.C. 2953.23(A). The petition does not indicate that appellant was unavoidably prevented from discovery of facts upon which he had to rely to present his claim for relief. Nor does appellant argue that his petition is based upon a new federal or state right that has been recognized by the United States Supreme Court. Thus, appellant has failed to demonstrate that the trial court should have entertained his petition for postconviction relief.
 {¶ 20} Since the trial court lacked jurisdiction to consider appellant's claim, it was not required to hold a hearing on the petition, nor was it required to make findings of fact and conclusions of law when denying the motion. See State v. Mootispaw (Apr. 2, 2001), Fayette App. No. CA2000-06-017.
 {¶ 21} Furthermore, appellant's "motion to reduce sentence" is barred by res judicata. "(A) final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or an appeal from that judgment." State v.Szefcyk, 77 Ohio St.3d 93, 93, 1996-Ohio-337, syllabus. Thus, when a court finds that the petitioner could have raised the issues in his petition at trial or on direct appeal without resorting to evidence beyond the scope of the record, the petition may be dismissed without a hearing. State v. Cole (1982), 2 Ohio St.3d 112, 113.
 {¶ 22} Appellant's "motion to reduce sentence" claims his sentence is "contrary to law." However, appellant has already raised issues regarding his sentence in his direct appeal. See State v. Bailey (July, 24, 2000), Butler App. No. CA99-03-067. Therefore, we find the trial court's dismissal of appellant's petition for postconviction relief was proper. Accordingly, appellant's first, second, and third assignments of error are overruled.
 {¶ 23} Assignment of Error No. 4:
 {¶ 24} "The Trial Court Erred To The Prejudice Of Defendant Appellant In Overruling His Motion To Reduce Sentence That Was Filed On January 30, 2002 [sic]. Appellant Was Charged And Sentenced Under The Incorrect Statute."
 {¶ 25} It has been expressly recognized by the weight of authority that a defendant seeking to withdraw a plea of guilty after sentence has the burden of establishing the existence of manifest injustice. UnitedStates v. Mainer (C.A. 3, 1967), 383 F.2d 444. The motion is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court. United States v. Washington (C.A. 3, 1965), 341 F.2d 277, 281, certiorari denied 382 U.S. 850,86 S.Ct. 96, rehearing denied 382 U.S. 933, 86 S.Ct. 317. Abuse of discretion is defined to mean that the trial court's attitude was unreasonable, arbitrary, or unconscionable. State v. Adams (1980) 62 Ohio St.2d 151,157. Although Crim.R. 32.1 itself does not provide for a time limit after the imposition of sentence, during which a motion to withdraw a plea of guilty must be made, it has been held that an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion. Oksanen v. United States
(C.A. 8, 1966), 362 F.2d 74.
 {¶ 26} In his motion to withdraw the guilty plea, appellant has alleged that the "sentence of seven years imposed on his plea" was contrary to law, "and to prevent manifest injustice, the Court must vacate it." In his pro se brief, appellant alleges that there were no photographs that depicted a minor in any state of nudity as evidence against him.
 {¶ 27} However, appellant made his plea in open court, knowingly and voluntarily, with full knowledge of all possible sentences that were available. A guilty plea acts as a complete admission to all of the essential elements of the offense charged. See Crim.R. 11(B). We find that the trial court properly concluded that manifest injustice had not been demonstrated. Accordingly, appellant's fourth assignment of error is overruled.
 {¶ 28} Judgment affirmed.