JOURNAL ENTRY AND OPINION
{¶ 1} Michael McNair appeals from the trial court's decision, which dismissed his claim for underinsured/uninsured ("UM/UIM") coverage made on a policy of insurance issued to his employer. After reviewing the record and the applicable law, we affirm the decision of the trial court.
 {¶ 2} On August 4, 2000, McNair was injured in a motor vehicle accident caused by an underinsured motorist. At the time of the accident, McNair was employed by Regal Auto Body Service, Inc., which carried an automobile policy of insurance issued by Hartford Fire Insurance Company. The policy was issued on September 15, 1999 and was effective until September 15, 2000.
 {¶ 3} On October 10, 2003, McNair filed a complaint seeking declaratory judgment that he was an insured under the UM/UIM provisions contained in the automobile insurance policy issued to his employer by Hartford. Nowhere in McNair's complaint did he allege that he was within the course and scope of his employment with Regal Auto Body at the time of the accident. Hartford filed a motion to dismiss based upon the Ohio Supreme Court's decision in Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, and the motion was granted by the trial court on March 24, 2004.
 {¶ 4} McNair brings this instant appeal alleging one assignment error for review: "The trial court erred in ruling that the decision in the case of Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5989[1] [sic] applied retroactively to abrogate rights which had accrued prior to the announcement of that decision."
 {¶ 5} In his sole argument, the appellant asserts that the trial court erred by applying the Ohio Supreme Court's decision in Galatis
retroactively. The appellant contends that because the injury-causing accident occurred on August 4, 2000, approximately three years beforeGalatis was decided, Galatis cannot be retroactively applied to his case.
 {¶ 6} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545. It is well settled that "when a party files a motion to dismiss for failure to state a claim, all factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." Byrd v. Faber (1991),57 Ohio St.3d 56, 60, citing Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192.
 {¶ 7} While the factual allegations of the complaint are taken as true, "[u]nsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss."State ex rel. Hickman v. Capots (1989), 45 Ohio St.3d 324. In light of these guidelines, in order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." O'Brien v. Univ. Community Tenants Union (1975),42 Ohio St.2d 242, 245. See, also, Spalding v. Coulson (1993),104 Ohio App.3d 62.
 {¶ 8} Since factual allegations in the complaint are presumed true, only the legal issues are presented, and an entry of dismissal on the pleadings will be reviewed de novo. Hunt v. Marksman Prod., Div. of S/RIndus., Inc. (1995), 101 Ohio App.3d 760, 762.
 {¶ 9} The Ohio Supreme Court's ruling in Westfield Ins. Co. v.Galatis, supra, limited the holding of Scott-Pontzer[2] and overruled the holding in Ezawa v. Yasuda Fire Marine Ins. Co. of Am. (1999),86 Ohio St.3d 557, 715 N.E.2d 1142.
 {¶ 10} In Galatis, the Ohio Supreme Court held, "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorists coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of the employment. Additionally, where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as `other insureds' does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured." Id. at paragraph 62.
 {¶ 11} This court, as well as the Ohio Supreme Court, has previously ruled that Galatis is retrospective in its application. "The general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law." Peerless Elec.Co. v. Bowers (1955), 164 Ohio St. 209, 210. Therefore, absent specific policy language providing the appellant coverage, the appellant must show he suffered a loss in the course and course of his employment with Regal Auto body to qualify as an insured under Hartford's policy.
 {¶ 12} After reviewing the record, we find the appellant has failed to present any facts that would indicate he was in the course and scope of his employment at the time of the accident or that the specific language contained in Hartford's policy would have provided him coverage; therefore, the appellant's sole assignment of error is overruled and the decision of the trial court is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J., and Gallagher, J., Concur.
[1] Actual citation is Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849.
[2] Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660.