[Cite as *State v. Poissant*, 2014-Ohio-1916.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| MICHAEL R. POISSANT | : | Case No. 13-CA-55 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Fairfield County
                            Court of Common Pleas, Case No.
                            02-CR-321



JUDGMENT:                   Affirmed



DATE OF JUDGMENT:           May 2, 2014



APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

GREGG MARX                            MICHAEL R. POISSANT # 437-989
Prosecuting Attorney                  P.O. Box 7010
                                      Unit 2-0B
By: CRYSTAL BENNETT                   Chillicothe, OH 45601
Assistant Prosecuting Attorney
201 S. Broad Street, 4th Fl.
Lancaster, OH 43130

*Baldwin, J.*

{¶1}    Appellant Michael R. Poissant appeals a judgment of the Fairfield County Common Pleas Court overruling his motion to correct a void sentence.  Appellee is the State of Ohio.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2}    On September 13, 2002, appellant Michael Poissant was indicted by the Fairfield County Grand Jury on one count of burglary, one count of kidnapping, one count of abduction and two counts of rape of a child under the age of thirteen, by force. On November 27, 2002, pursuant to a plea agreement, appellant entered pleas of guilty to both charges of rape, which were amended to drop the allegations of force or threat of force.  The remaining charges were dismissed.  The matter proceeded to sentencing.

{¶3}    At the sentencing hearing, appellant represented that he was guilty, but not in the way the victim made him out to be.  He told the court that although he knew she was twelve at the time, she did not look or act as young as twelve.  He told the court that he was guilty of being an idiot in letting the girl do what she wanted to do, as she was the one who seduced him.

{¶4}    Appellant was sentenced to seven years incarceration on one count of rape and eight years incarceration on the second count of rape, to be served consecutively.  He appealed the sentence to this Court, arguing that the court failed to make the requisite findings to support consecutive sentencing, the record did not support the court's findings concerning consecutive sentencing and the two acts of rape were not committed with a separate animus.  We overruled the assignments of error

and affirmed the consecutive sentences. *State v. Poissant*, 5th Dist. Fairfield App. No. 03-CA-14, 2003-Ohio-4578.

{¶5}   On September 28, 2007, appellant filed a motion to correct a void sentence because the judgment did not include notification regarding post-release control. On January 11, 2008, the court held a hearing on the motion pursuant to R.C. 2929.191. Following the hearing, the court again sentenced appellant to eight years on one count and seven years on the second count, to be served consecutively. The court notified appellant that post-release control is mandatory in this case for a period of five years. The court also found that based on his plea of guilty to two counts of rape, appellant is a Tier III sex offender, as defined in Section 2950.01(G) of the Revised Code.

{¶6}   Appellant filed a notice of appeal from the corrected sentencing entry. Counsel for appellant filed a motion to withdraw accompanied by an *Anders* brief. See *Anders v. California* (1967), 386 U.S. 738 (if appointed appellate counsel believes in good faith that the appeal is wholly without merit, then he must withdraw as counsel and file a brief outlining all possible appealable issues). We overruled the motion to withdraw based on potential assignment of error four, which dealt with the constitutionality of the Adam Walsh Act.   We reversed the court's classification of appellant as a Tier III sex offender, finding that under the AWA, appellant's reclassification was the responsibility of the Ohio Attorney General because he was incarcerated on December 1, 2007. In all other respects we affirmed the judgment of the trial court on resentencing. *State v. Poissant*, 5th Dist. Fairfield No. 08-CA-7, 2009-

Ohio-4235. The trial court filed a corrected entry excising appellant's classification as a Tier III sex offender on August 28, 2009.

{¶7} On June 3, 2013, appellant filed a motion to correct a void sentence, arguing that his sentences were void for failing to include post-release control as a part of each individual sentence, and failing to include his classification as a habitual sex offender in his sentence. The court found the issues barred by res judicata and overruled the motion. Appellant assigns two errors on appeal:

{¶8} "I. APPELLANT'S SENTENCE IS VOID WHERE THE TRIAL COURT FAILED TO INCLUDE POST-RELEASE CONTROL AS PART OF EACH SENTENCE, AS REQUIRED BY R.C. 2967.28(B).

{¶9} "II. APPELLANT'S SENTENCE IS VOID WHERE THE TRIAL COURT FAILED TO INCLUDE THE DETERMINATION OF 'HABITUAL SEX OFFENDER' IN HIS SENTENCE AND IN HIS JUDGMENT OF CONVICTION, AS REQUIRED BY R.C. 2950.09(E)."

I, II

{¶10} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus, approving and following *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Accordingly, "[t]o survive preclusion by res judicata, a petitioner must produce

new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." *State v. Poissant*, 5th Dist. Fairfield No. 2005-CA-90, 2006-Ohio-7310, ¶13.

{¶11}   Appellant has previously appealed both his original judgment of conviction and sentence and his judgment on resentencing, and was represented by counsel in both proceedings.   In his motion to correct his sentence, he did not produce new evidence that would render the judgment void or voidable, and did not demonstrate that he could not have raised his new claims based on information contained in the record on his prior appeals to this Court.   Accordingly, the trial court did not err in finding appellant's claims barred by res judicata.

{¶12}   The first and second assignments of error are overruled.  The judgment of the Fairfield County Common Pleas Court is affirmed.  Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.