[Cite as *State v. Snead*, 2014-Ohio-2895.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                              :

    Plaintiff-Appellee,              :

                              :

- vs -

                              :

ROBERT A. SNEAD,                           :

    Defendant-Appellant.             :

CASE NO. CA2014-01-014

O P I N I O N
6/30/2014

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2001CR00010

D. Vincent Faris, Clermont County Prosecuting Attorney, Judith Brant and Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Robert A. Snead, A425370, Madison Correctional Institution, P.O. Box 740, London, Ohio 43140-0740, defendant-appellant, pro se

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Robert Snead, appeals from the decision of the Clermont County Court of Common Pleas dismissing his petition for postconviction relief. For the reasons detailed below, we affirm.

{¶ 2} On February 25, 2002, Snead pled guilty in Clermont County Common Pleas Court to a number of offenses, specifically:

Ct.#1: Aggravated Burglary with a three year gun specification, in violation of Section 2911.11(A)(1) of the Ohio Revised Code, a felony of the first degree; Ct.#4: Kidnapping with sexual motivation specification in violation of Section 2905.01(A)(2), a felony of the first degree; Ct.#5: Kidnapping in violation of Section 2905.01(A)(2), a felony of the first degree; Cts.#10 and #11: Assault in violation of Section 2903.13, misdemeanors of the first degree and Ct.#12: Felonious Assault on a Police Officer in violation of Section 2903.11(A)(2), a felony of the first degree.

*State v. Snead*, Clermont C.P. 01-CR-00010 (Feb. 27, 2002) (*Snead I*). On March 11, 2002, the trial court entered a judgment entry of sentence. That entry set out the charges upon which Snead was found guilty and imposed a 21-year sentence of imprisonment. Snead did not file a direct appeal.

{¶ 3}   On January 15, 2008, Snead moved to withdraw his guilty plea, claiming, inter alia, he was denied effective assistance of counsel and his sentence was improper. On March 11, 2008, the trial court denied Snead's motion to withdraw his guilty plea. This court affirmed the trial court's decision in an entry dated October 14, 2008. *State v. Snead*, 12th Dist. Clermont No. CA2008-04-036 (Oct. 4, 2008) (Accelerated Calendar Judgment Entry) (*Snead II*).

{¶ 4}   On December 28, 2009, Snead filed a petition for postconviction relief. Among other things, Snead argued: (1) his conviction and sentence was contrary to law; (2) he was denied effective assistance of counsel; (3) his convictions were allied offenses of similar import; and (4) his convictions were against the manifest weight of the evidence. The trial court denied Snead's motion in an entry filed January 26, 2010. *State v. Snead*, Clermont C.P. No. 2001-CR-00010 (Jan. 26, 2010) (Judgment Entry Overruling Motion For Postconviction Relief) (*Snead III*). Snead did not appeal the decision of the trial court.

{¶ 5}   On June 18, 2010, Snead moved for leave to file a delayed appeal from the judgment entry entered on March 11, 2002. This court denied Snead's motion in an entry dated August 20, 2010. *State v. Snead*, 12th Dist. Clermont No. CA2010-06-045 (Aug. 20,

2010) (Entry Denying Motion For Delayed Appeal) (*Snead IV*).

{¶ 6} Also on June 18, 2010, Snead filed a second petition for postconviction relief. On July 20, 2010, the trial court denied Snead's petition. This court dismissed Snead's appeal on the basis of untimeliness in an entry dated September 15, 2010. *State v. Snead*, 12th Dist. Clermont No. CA2010-08-062 (Sept. 15, 2010) (Judgment Entry of Dismissal) (*Snead V*).

{¶ 7} On March 1, 2011, Snead filed a petition for a writ of habeas corpus in federal court alleging 16 grounds for relief. On September 4, 2012, the district court dismissed Snead's petition pursuant to 28 U.S.C. 2254 with prejudice on the ground that the petition was time-barred under 28 U.S.C. 2244(d). *Snead v. Warden, Madison Correctional Inst.*, S.D.Ohio No. 1:11-CV-127, 2012 WL 3835105, *2 (Sept. 4, 2012) (*Snead VI*).

{¶ 8} On April 10, 2013, Snead filed a petition for writs of mandamus and prohibition against Judge Ferenc in the Clermont County Court of Common Pleas. On April 18, 2013, the trial court issued a nunc pro tunc judgment entry of sentence correcting the 2002 judgment entry by stating that Snead was convicted of certain crimes "pursuant to his pleas of guilty entered February 25, 2002." Snead then filed an amended petition with this court on June 7, 2012, raising 17 assignments of error. On November 4, 2013, this court dismissed the petition on the grounds that the nunc pro tunc entry rendered the mandamus claim moot and that relief in prohibition was unavailable because Snead had an adequate remedy by way of appeal to dispute the propriety of the nunc pro tunc entry. The Ohio Supreme Court affirmed this court's decision in a per curiam opinion. *State ex rel. Snead v. Ferenc*, 138 Ohio St.3d 136, 2014-Ohio-43 (*Snead VII*).

{¶ 9} On May 15, 2013, Snead filed the following pro se motions: (1) defendant's motion to withdraw a guilty plea; (2) defendant's motion requesting appointment of an expert witness; (3) defendant's request for copies of documents; (4) defendant's motion to correct a

void sentence. The trial court found it lacked jurisdiction to consider Snead's motion to correct a void sentence because of the pending appeal in *Snead VII*. The trial court therefore stayed its decision on that motion pending the outcome of Snead's appeal. The trial court denied Snead's remaining motions on the basis of res judicata. This court affirmed that decision on November 12, 2013. *State v. Snead*, 12th Dist. Clermont No. CA2013-07-058 (Nov. 12, 2013) (Accelerated Calendar Judgment Entry) (*Snead VIII*).

{¶ 10} On January 14, 2014, following the resolution of the appeal in *Snead VI*, the trial court denied appellant's "Motion to Correct a Void Sentence." *State v. Snead*, Clermont C.P. No. 2001-CR-00010 (Jan. 14, 2014) (Decision and Entry). Appellant now appeals from this decision, raising two assignments of error for review.

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF THE APPELLANT WHEN IT FAILED TO DECLARE THE PROCEEDINGS, CONVICTION, JUDGMENT, SENTENCE AND SANCTIONS OF THE FEBRUARY 25TH, 2002, PLEA HEARING AND MARCH 4TH SENTENCING HEARING, OF THE APPELLANT, AS ILLEGAL AND VOID AND IMPROPERLY APPLIED THE DOCTRINES OF RES JUDICATA AND THE LAW OF THE CASE IN VIOLATION OF THE DOCTRINE OF STARE DECISIS.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF THE APPELLANT WHEN IT RELIED UPON TWELFTH DISTRICT DECISIONS TO CONTRADICT CONTROLLING SUPREME COURT OF OHIO PRECEDENTS IN ITS DETERMINATION THAT PROPER NOTIFICATION WAS GIVEN FOR POST RELEASE CONTROL IN VIOLATION OF THE DOCTRINES OF STARE DECISIS, RES JUDICATA AND THE LAW OF THE CASE.

{¶ 15} We will address Snead's assignments of error together. In his first assignment of error, Snead argues the trial court erred by sentencing him to a 21-year prison term and classifying him as a sexual predator following his 2002 convictions. In his second assignment of error, Snead alleges the trial court failed to give a proper notification of postrelease control. Therefore, Snead argues that his conviction and sentence must be reversed because "the Court failed to comply with mandatory statutes under the Ohio Revised Code in violation of the Due Process Clauses of the Ohio and United States Constitutions, Ohio Supreme Court decisions and Stare Decisis." We disagree.

{¶ 16} A postconviction proceeding is not an appeal of a criminal conviction, but rather, a collateral civil attack on a criminal judgment. *State v. Dillingham*, 12th Dist. Butler Nos. CA2012-02-037, CA2012-02-042, 2012-Ohio-5841, ¶ 8; *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). "In reviewing an appeal of postconviction relief proceedings, this court applies an abuse of discretion standard." *State v. Vore*, 12th Dist. Warren Nos. CA2012-06-049, CA2012-10-106, 2013-Ohio-1490, ¶ 10, citing *State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 15. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Thornton*, 12th Dist. Clermont No. CA2012-09-063, 2013-Ohio-2394, ¶ 34; *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130.

{¶ 17} Here, Snead was convicted of a heinous crime in 2002. Snead did not file a direct appeal. Nevertheless, since that time, Snead has repeatedly raised the same issues to challenge his conviction and sentence through various motions for postconviction relief and other filings with the trial court, this court, and the federal court. Once again, we find Snead's arguments are without merit.

{¶ 18} We find that Snead's first assignment of error is meritless. Snead has previously raised identical arguments in prior court filings claiming his sentence is contrary to

law and therefore those arguments are barred by the doctrine of res judicata.

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Blankenburg*, 12th Dist. Butler No. CA2012-04-088, 2012-Ohio-6175, ¶ 10, quoting *State v. Franklin*, 12th Dist. Butler No. CA2002-07-183, 2003-Ohio-1770, ¶ 11. This doctrine "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18.

{¶ 19} In his motion, Snead did not raise any new arguments or produce any new evidence regarding his sentence. Snead's arguments have been litigated. Accordingly, Snead's arguments regarding his sentence are without merit based on the doctrine of res judicata. *See State v. Bailey*, 12th Dist. Butler No. CA2003-03-066, 2003-Ohio-5989, ¶ 21; *State v. Poissant*, 5th Dist. Fairfield No. 13-CA-55, 2014-Ohio-1916; *State v. Reed*, 10th Dist. Franklin No. 11AP-792, 2012-Ohio-1612 , ¶ 14 (the doctrine of res judicata prohibited review of his sentence as his claim was or could have been raised at sentencing or in a direct appeal).

{¶ 20} Furthermore, we also find that Snead's 21-year prison term is not contrary to law. Snead's aggregate sentence is clearly within the permissible statutory range for the offenses in effect at the time of the commission of the offenses and the sentence was imposed in accordance with law. *See* former R.C. 2929.14. In addition, Snead's argument that he was improperly classified as a sexual predator is barred by the doctrine of res judicata. *See, e.g., State v. Westerfield*, 10th Dist. Franklin No. 13AP-286, 2013-Ohio-4216, ¶ 6 (failure to raise sexual predator classification on direct appeal barred by res judicata).

However, we also note that Snead was properly classified as a sexual predator. A sexual predator includes a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Former R.C. 2950.01(E). A sexually-oriented offense includes the crime of kidnapping in violation of R.C. 2905.01 "that is committed with a purpose to gratify the sexual needs or desires of the offender." Former R.C. 2950.01(D). Accordingly, Snead's first assignment of error is overruled.

{¶ 21} Finally, Snead's second assignment of error is also without merit and barred by res judicata.[1] *See Poissant*, 2014-Ohio-1916. In his brief, Snead alleges the trial court failed to properly advise him of postrelease control provisions. However, contrary to his arguments, Snead was properly informed of postrelease control and the additional penalties for any such violation. Indeed, the provisions for postrelease control were contained in the written plea form, which Snead signed prior to the trial court's judgment entry and imposition of sentence. *See, e.g., State v. Whitesell*, 12th Dist. Butler No. CA2005-04-100, 2006-Ohio-1781 (plea was valid despite improper colloquy because plea form properly notified defendant about postrelease control); *State v. Irvin*, 12th Dist. Warren No. CA2013-03-027, 2013-Ohio-5209. Accordingly, Snead's second assignment of error is without merit.

{¶ 22} Judgment affirmed.

PIPER, P.J., and M. POWELL, J., concur.

---

1. We also note that Snead never filed a transcript of the sentencing hearing, which was necessary to support his allegations that he was never "orally notified" of the postrelease control provisions at the sentencing hearing. As this court has repeatedly acknowledged, because "an appealing party bears the burden of showing error in the underlying proceeding by reference to matters in the record, the appellant has a duty to provide a transcript for appellate review." *State v. Williams*, 12th Dist. Clermont No. CA2012-Ohio-08-060, 2013-Ohio-1387, ¶ 18; *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980); *see* App.R. 9(B); *see also* App.R. 16(A)(7). "Where portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus has no choice but to presume the regularity or validity of the lower court's proceedings and affirm." *Knapp* at 199; *Williams* at ¶ 18; *State v. Gregory*, 12th Dist. Clinton No. CA2006-05-016, 2006-Ohio-7037, ¶ 3.