[Cite as *State v. McCord*, 2014-Ohio-3187.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                              :

      Plaintiff-Appellee,                :

                                     :

  - vs -

                                       :

DANNY R. McCORD,                           :

      Defendant-Appellant.              :

CASE NO. CA2013-12-096

O P I N I O N
7/21/2014

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2001CR253

D. Vincent Faris, Clermont County Prosecuting Attorney, Judith Brant and Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Danny R. McCord, #A418719, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, defendant-appellant, pro se

**S. POWELL, P.J.**

{¶ 1}  Defendant-appellant, Danny R. McCord, appeals pro se from the decision of the Clermont County Court of Common Pleas denying his motion for resentencing.  For the reasons set forth below, we affirm.[1]

{¶ 2}  In October 2001, McCord entered a plea of guilty to one count of murder.

---

1. Pursuant to Loc.R. 6(A), we have sua sponte removed this case from the accelerated calendar.

Based on the plea and the prosecution's statement of facts, the trial court found McCord guilty of murder in violation of R.C. 2903.02(A) and, in January 2002, sentenced him to serve 15 years to life in prison. Although there was no provision for postrelease control under R.C. 2967.28 for the unspecified felony of murder at the time of his sentencing, the sentencing entry nonetheless stated that McCord faced mandatory postrelease control for up to five years. The entry also ordered McCord to pay restitution, prosecution costs, and the costs associated with his court-appointed counsel. McCord did not appeal his conviction.

{¶ 3} In May 2002, McCord petitioned the court to vacate his sentence, arguing the medication he had been taking at the time he entered his plea prevented him from understanding his rights and plea options. The trial court denied the petition. McCord then filed a motion to withdraw his plea on similar grounds, and the trial court denied that, as well. McCord did not appeal the trial court's denial of either the petition to vacate his sentence or the motion to withdraw his plea.

{¶ 4} Several years later, in December 2010, McCord filed three motions: "Motion to Vacate Void Sentence," "Motion to Take Judicial Notice of Void Judgment," and "Motion to Schedule Resentencing Date to Comply with Statutory Requirements of C.R. 2947.3(A)(1) and C.R. 2929.19(B)(6)." Each of these motions appear to claim, among other things, that McCord's sentence was in error because he was not notified by the trial court at sentencing that he could be ordered to perform community service if he failed to pay his court costs. The trial court denied all three motions. McCord then filed a "Motion for Reconsideration Based on the Court's Failure to [G]ive Statement of Reason," which also appears to have been denied. McCord did not appeal.

{¶ 5} In February 2011, McCord filed a "Motion for Resentencing Based on 'Void Judgment Entry' Based on Supreme Court's Ruling in State-v-Baker * * * (Addressing Criminal Rule 32(C) Violation[)]," in which he argued he was entitled to a hearing for

resentencing because the original sentencing entry did not state the manner of his conviction: i.e., by guilty plea, a jury verdict, or a finding of the court.[2] In a Memorandum in Opposition, the state conceded that McCord's sentencing entry was not "*Baker*-compliant," but argued the proper remedy was a judgment entry nunc pro tunc to correct the original entry, and not a hearing for resentencing.

{¶ 6} After a review of the record, the trial court issued a "Nunc Pro Tunc Corrective Judgment Entry of Sentence" to replace the sentencing entry journalized in January 2002. It read, in part:

> [This nunc pro tunc entry] is being entered pursuant to Crim.R. 36, to correct clerical mistakes found in the Original Entry, to wit: the omission that the Defendant entered a plea of guilty to the offense of murder, in open court and on the record, on October 17, 2001, and was on that date found guilty of murder in violation of Section 2903.02(A). * * * Also, to redact from the [O]riginal Entry language regarding the Court's notification of the mandatory post release control and the order to pay court costs and court appointed counsel costs and fees, which did not take place.

{¶ 7} In response, McCord filed another "Motion for Resentencing Based on Void Judgment Entry," claiming that the nunc pro tunc entry was deficient in several respects. Specifically, McCord argued that the entry failed: (1) to notify him of the terms of postrelease control as required by R.C. 2967.28; (2) to notify him of the punishment of failure to pay court costs as required under R.C. 2947.23(A)(1); (3) to satisfy the requirements of R.C. 2941.51(D) and R.C. 2929.18(C); and, (4) to notify him of his rights to appeal under Crim.R. 32(B)(2). The trial court denied the motion in July 2011. McCord did not appeal.

{¶ 8} In December 2013, McCord again filed a "Motion for Resentencing Based on

---

2. The caption of McCord's motion references *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330. In *Baker*, the Ohio Supreme Court held that "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *Id.* at syllabus.

Void Judgment Entry." The trial court found the motion to be substantively identical to the motion it had denied in July 2011, and held that it was barred under the doctrine of res judicata. McCord now appeals, raising three assignments of error. For ease of discussion, the first and second assignments of error will be addressed together.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED AS A MATTER OF LAW, WHEN THE COURT FAILED TO NOTIFY THE APPELLANT THAT HE COULD BE ORDERED TO PERFORM COMMUNITY SERVICE IN LIEU OF COURT COST [SIC] IN VIOLATION OF R.C. 2947.23(A)(1)(a) WHICH RENDERED THE SENTENCE VOID IN PART.

{¶ 11} Assignment of Error No. 2:

{¶ 12} THE TRIAL COURT ERRED AS A MATTER OF LAW, WHEN THE TRIAL COURT IMPOSED POST RELEASE CONTROL TO A CHARGE OF MURDER IN VIOLATION OF R.C. 2903.02 AN UNSPECIFIED FELONY, WHICH RENDERED THE SENTENCE VOID IN PART.

{¶ 13} At the outset, we note that the trial court properly found the issues raised in McCord's December 2013 motion to be barred by the doctrine of res judicata. We have previously stated that:

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Snead*, 12th Dist. Clermont No. CA2014-01-014, 2014-Ohio-2895, ¶ 18, quoting *State v. Franklin*, 12th Dist. Butler No. CA2002-07-183, 2003-Ohio-1770, ¶ 11.

{¶ 14} In his 2010 "Motion to Vacate Void Sentence," McCord argued that at sentencing the trial court failed to notify him of potential community service under R.C.

- 4 -

2947.23. Yet, when that motion was denied, he failed to file a direct appeal. Further, McCord moved on several occasions to vacate his sentence on the basis of the trial court's failure to notify him of postrelease control as required by R.C. 2967.28. With the exception of the present appeal, however, McCord also failed to file a direct appeal when these motions were denied. Therefore, a finding of res judicata in this case "promotes the principles of finality and judicial economy by preventing endless relitigation of [issues] on which a defendant has already received a full and fair opportunity to be heard." *Snead* at ¶ 18, quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18.

{¶ 15} Moreover, even if we were to find that McCord's arguments were not barred by the doctrine of res judicata, they would still fail on the merits. For instance, in his first assignment of error, McCord argues the trial court erred when it failed to notify him at his sentencing hearing that under R.C. 2947.23(A)(1) it may order him to perform community service if he fails to pay the costs imposed by the court. However, at the time of McCord's sentencing, R.C. 2947.23 read, in its entirety:

> In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. If a jury has been sworn at the trial of a case, the fees of the jurors shall be included in the costs, which shall be paid to the public treasury from which the jurors were paid.

In other words, based upon the statute at the time of McCord's sentencing, the trial court had absolutely no duty to notify him of a potential community service requirement.[3] Hence, McCord's first assignment of error is without merit.

{¶ 16} Additionally, in his second assignment of error, McCord argues the trial court erred when it imposed mandatory postrelease control as part of his sentence for murder. He

---

3. McCord's confusion is likely rooted in the fact that in the year after his sentencing, R.C. 2947.23 was amended to require the trial court to notify the defendant that the court may order him to perform up to 40 hours of community service if he fails to pay court costs as imposed.

notes that because murder is an unspecified felony under R.C. 2903.02, R.C. 2967.28 did not authorize the trial court to impose postrelease control in his case. However, McCord's argument, while accurate, was rendered moot by the nunc pro tunc entry filed by the trial court in 2011.

{¶ 17} It is well-settled that courts possess the inherent authority to correct errors in judgment entries at any time so that the record speaks the truth. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 18; Crim.R. 36. Thus, a trial court may enter a nunc pro tunc entry where the original judgment entry contains "a clerical error, mistake, or omission that is mechanical in nature and apparent on the record and does not involve a legal decision or judgment." *Lester* at ¶ 18. In the present case, the trial court reviewed the record in 2011, including a transcript of the sentencing hearing, and observed that the trial court did not in fact impose postrelease control on McCord at his sentencing in 2002. Thus, the inclusion of the postrelease control language was a clerical error or mistake. As a result, the trial court issued a nunc pro tunc entry that redacted the postrelease control language from the original sentencing entry. Therefore, McCord's second assignment of error is also without merit.

{¶ 18} For the foregoing reasons, McCord's first and second assignments of error are overruled.

{¶ 19} Assignment of Error No. 3:

{¶ 20} THE TRIAL COURT MISADVISED THE APPELLANT ABOUT POST RELEASE CONTROL DURING THE PLEA HEARING, WHICH RENDERS THE GUILTY PLEA VOID, WHEN THERE IS NO POST RELEASE CONTROL UNDER MURDER R.C. 2903.02 AN UNSPECIFIED FELONY.

{¶ 21} In his third assignment of error, McCord asserts the trial court violated Crim.R. 11(C) by incorrectly advising him at his plea hearing that he was subject to postrelease control. McCord claims that had he known he was not subject to postrelease control, he

would not have entered his plea of guilty. Because McCord did not raise this issue in any of his prior filings with the trial court, including the motion upon which this appeal was taken, we decline to consider it now. A party cannot raise new issues or legal theories for the first time on appeal. *State v. Berry*, 12th Dist. Clermont No. CA2013-11-084, 2014-Ohio-2715, ¶ 19.

**{¶ 22}** Further, the Crim.R. 11(C) violation alleged by McCord could have been raised on direct appeal. If the sentencing court erroneously informed a defendant, pursuant to Crim.R. 11(C), that he was subject to postrelease control, then the defendant should have taken a direct appeal. Yet, in filings spanning more than a decade, McCord failed to directly appeal his sentence, to address the issue in his Crim.R. 32.1 motion to withdraw, or to raise the issue in any of his prior filings. Therefore, "[u]nder the doctrine of res judicata the Crim.R. 11(C) question merged with the judgment of conviction and defendant cannot now relitigate the issue." *State v. Ishmail*, 67 Ohio St.2d 16, 18 (1981).

**{¶ 23}** McCord's third assignment of error is overruled.

**{¶ 24}** Judgment affirmed.

PIPER and M. POWELL, JJ., concur.