[Cite as *State v. Miller*, 2017-Ohio-1554.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104747

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL MILLER

DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-601332-A

**BEFORE:** Celebrezze, J., Blackmon, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** April 27, 2017

**ATTORNEY FOR APPELLANT**

Myriam A. Miranda
P.O. Box 40222
Bay Village, Ohio 44140


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Melissa Riley
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Michael Miller ("Miller") brings this appeal challenging the trial court's judgment classifying him as a sexual predator. Specifically, Miller argues that the trial court failed to conduct an adequate classification hearing, the state failed to prove by clear and convincing evidence that he is a sexual predator, and that his sexual predator classification violates due process and equal protection of the law. After a thorough review of the record and law, we affirm.

## I. Factual and Procedural History

{¶2} The instant matter arose from an August 2001 incident during which Miller attacked the victim, D.D., as she was walking to a friend's house. D.D. alleged that Miller grabbed her, forced her into an abandoned house, and raped her vaginally, orally, and anally. D.D. submitted to a rape kit examination after the incident.

{¶3} On August 26, 2015, the Ohio Bureau of Criminal Investigation received a DNA hit matching Miller's DNA to the sperm sample from D.D.'s rape kit. As a result, Miller was indicted on November 23, 2015.

{¶4} In Cuyahoga C.P. No. CR-15-601332-A, the Cuyahoga County Grand Jury returned a four-count indictment charging Miller with three counts of rape, in violation of R.C. 2907.02(A)(2), and one count of kidnapping, in violation of R.C. 2905.01(A)(4) with a sexual motivation specification.

{¶5} The parties reached a plea agreement. The state amended the rape count

charged in Count 1 to sexual battery, in violation of R.C. 2907.03(A)(1). The trial court advised Miller that by pleading guilty to sexual battery, Miller "would be deemed a sexual offender." (Tr. 3.) On June 9, 2016, Miller pled guilty to the sexual battery count, and the remaining counts were nolled. During the change of plea hearing, the parties agreed that the trial court would hold a hearing to determine the appropriate sex offender classification. The trial court reviewed the registration requirements for sexual predators, habitual sexual offenders, and sexually oriented offenders. The trial court ordered a presentence investigation report ("PSI") and referred Miller to the court psychiatric clinic for a H.B. 180 sexual offender evaluation.[1]

{¶6} The trial court held a sentencing hearing on July 13, 2016. At sentencing, the trial court also conducted a sex offender classification hearing. After considering the parties' arguments regarding the appropriate classification, the PSI, and the court psychiatric clinic's report, the trial court classified Miller as a sexual predator. The trial court proceeded to the sentencing phase of the hearing and imposed a prison term of five years on the sexual battery count.

{¶7} On July 18, 2016, Miller filled the instant appeal challenging the trial court's sexual predator classification. He assigns three errors for review:

> I. The trial court failed to conduct an adequate classification hearing as required by *State v. Eppinger* [91 Ohio St.3d 158, 743 N.E.2d 881 (2001)], and in violation of [Miller's] state and federal due process rights.

---

[1] The trial court's June 10, 2016 journal entry provided, in relevant part, "Director, psychiatric clinic, please see [Miller] for Megan[']s Law."

II. The state failed to prove by clear and convincing evidence that [Miller] is "likely to engage in the future in one or more sexually oriented offenses.["]

III. Classifying [Miller] as a sexual predator for a crime committed when he was a juvenile is a violation of due process and equal protection under the Fourteenth Amendment.

## II. Law and Analysis

### A. Standard of Review

{¶8} Ohio's former sexual registration law — H.B. 180, more commonly known as "Megan's Law" — is codified in former R.C. Chapter 2950. Megan's Law divided sex offenders into three categories: (1) sexually oriented offenders; (2) habitual sexual offenders; and (3) sexual predators. *State v. Cook*, 83 Ohio St.3d 404, 407, 700 N.E.2d 570 (1998); former R.C. 2950.09. A sexual predator is defined under former R.C. 2950.01(E) as an individual who has been convicted of or pleaded guilty to committing a sexually oriented offense and is "likely to engage in the future in one or more sexually oriented offenses." *Eppinger* at 161.

{¶9} The state has the burden of proving that the offender is a sexual predator by clear and convincing evidence. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 20, citing former R.C. 2950.09(B)(4). "Clear and convincing evidence is evidence that 'will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id*., quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. The "clear-and-convincing standard requires a higher degree of proof than a 'preponderance

of the evidence,' but less than 'evidence beyond a reasonable doubt.'" *Id*., quoting *State v. Ingram*, 82 Ohio App.3d 341, 346, 612 N.E.2d 454 (2d Dist.1992).

{¶10} Because a sex offender classification under Megan's Law is considered civil in nature, we review sexual offender classification determinations under a civil manifest-weight-of-the-evidence standard. *Wilson* at syllabus. Under this standard, "a judgment supported by 'some competent, credible evidence going to all the essential elements of the case' must be affirmed." *Id*., quoting *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

{¶11} Former R.C. 2950.09(B)(3) listed ten factors for a court to consider in determining whether a sexual offender is a sexual predator: (1) the offender's age, (2) the offender's criminal record, (3) the age of the victim, (4) the number of victims, (5) whether the offender used drugs or alcohol to impair the victim, (6) if the offender has previously been convicted of a crime, whether he completed his sentence; and if the prior offense was a sexually oriented offense, whether he completed a sex-offender program, (7) mental health history, (8) the nature of the offender's sexual contact with the victim, (9) whether the offender displayed cruelty or made threats of cruelty, and (10) any other "behavioral characteristics" that contribute to the offender's actions. *See* former R.C. 2950.09(B)(3)(a)-(j).

### B. Adequacy of Classification Hearing

{¶12} In his first assignment of error, Miller argues that the trial court's classification hearing failed to comply with the requirements set forth in *Eppinger*.

**{¶13}** In *Eppinger*, the Ohio Supreme Court set forth a "model procedure for sexual classification hearings":

> In a model sexual offender classification hearing, there are essentially three objectives. First, it is critical that a record be created for review. Therefore, the prosecutor and defense counsel should identify on the record those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses. If the conviction is old, as in this case, the state may need to introduce a portion of the actual trial record; if the case was recently tried, the same trial court may not need to actually review the record. In either case, a clear and accurate record of what evidence or testimony was considered should be preserved, including any exhibits, for purposes of any potential appeal.
>
> Second, an expert may be required, as discussed above, to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses. Therefore, either side should be allowed to present expert opinion by testimony or written report to assist the trial court in its determination, especially when there is little information available beyond the conviction itself. While providing an expert at state expense is within the discretion of the trial court, the lack of other criteria to assist in predicting the future behavior of the offender weighs heavily in favor of granting such a request.
>
> Finally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism.

*Eppinger*, 91 Ohio St.3d at 166, 743 N.E.2d 881, citing *State v. Thompson*, 140 Ohio App.3d 638, 748 N.E.2d 1144 (8th Dist.1999). The Ohio Supreme Court clarified that the aforementioned procedure was only a "suggest[ed] standard for the trial courts that will aid the appellate courts in reviewing the evidence on appeal and ensure a fair and complete hearing for the offender." *Id*. at 167. In *State v. Blake-Taylor*, 8th Dist.

Cuyahoga No. 100419, 2014-Ohio-3495, this court explained that although the "model" hearing discussed in *Eppinger* may be ideal, "*it is not mandatory.*" (Emphasis added.) *Blake-Taylor* at ¶ 9, citing *Eppinger* at *id.*

{¶14} In the instant matter, Miller baldly asserts that the trial court failed to conduct an adequate classification hearing. He fails to identify any specific procedural inadequacy or irregularity, and suggests that the trial court's hearing was "perfunctory in nature." Appellant's brief at 7, citing *Eppinger*. Furthermore, Miller contends that the trial court failed to make the necessary finding that he was likely to commit another sexually oriented offense in the future, nor created an adequate record reflecting the basis for the sexual predator classification. We disagree.

{¶15} The record reflects that all three *Eppinger* objectives were achieved during the trial court's classification hearing. The trial court requested "some argument or evidence with regard to the House Bill 180 sexual predator classification." (Tr. 13.) Both the prosecutor and Miller's counsel discussed the pertinent aspects of the victim's statement, the PSI, the Static-99 report, the court psychiatric clinic's report, and Miller's criminal and social history.

{¶16} First, the prosecutor requested that the trial court find Miller to be a sexual predator based on the factors enumerated in R.C. 2950.09(B)(3). The prosecutor asserted that Miller's criminal history included convictions for robbery, felonious assault, drug trafficking, and having weapons while under disability. The prosecutor directed the trial court to the Static-99 report and expressed concern about Miller's antisocial

personality disorder. The prosecutor asserted that Miller was found to be a "moderate-high" risk for reoffending and committing a sexual offense in the future. (Tr. 15.) The prosecutor provided the following account of Miller's conduct:

> [this] was a stranger rape. The victim * * * was walking home from a friend's house when she was grabbed by [Miller]. She was pulled into an abandoned house. She was anally raped at that point.
>
> She was — [Miller] tried to force her into the basement of the house. She would not go; [Miller] dragged her up into the second floor of the house and at that time he orally and vaginally raped her.
> All while this is happening, your Honor, [Miller] is telling her not to make eye contact or he will kill her. This was a sentiment that was repeated to her on multiple occasions.
>
> When [Miller] was done, he told her to stay in the room or he would kill her.

(Tr. 15.)

**{¶17}** Second, Miller's counsel opined that none of the R.C. 2950.09 factors were applicable. Miller's counsel emphasized that Miller was 14 years old when he committed the offense and that Miller was 28 years old at the time of sentencing. Miller's counsel asserted that Miller had never committed any sexual offenses, either as a juvenile or an adult. Miller's counsel stated that the victim, who was 36 years old at the time of the offense, was neither a child nor a teenager. Miller's counsel explained that the report from the court psychiatric clinic contained two different findings regarding Miller's likelihood of reoffending: "low to moderate" and "moderate to high." (Tr. 19.) Miller's counsel argued that the state failed to meet its burden of demonstrating that Miller will commit sexual violations or offenses in the future by a preponderance of the

evidence, nor presented clear and convincing evidence that Miller is a sexual predator. Miller's counsel directed the trial court to the "nonrisk factors" identified in the court psychiatric clinic's report:

> [Miller] never had any prior sex offenses. He has no preference for children. He has never had nor did he before or has he since been required to have sexual offender treatment. * * * He has no deviance preference in terms of sexual orientation. * * * [Miller has] lived for a number of years with a partner who is here today, his significant other, by whom he has a child.

(Tr. 20.)

{¶18} Third, Miller addressed the court. He apologized to the victim and accepted responsibility for his conduct.

{¶19} Because Miller pled guilty to sexual battery, there was not a trial transcript or record for the parties to introduce or the trial court to review. The trial court reviewed the statistics set forth in the court psychiatric clinic's report, which indicated that Miller was a "moderate-high" risk of reoffending. (Tr. 24.) The trial court reviewed the factors that indicated Miller was likely to reoffend and the mitigating factors regarding Miller's likelihood of reoffending. The trial court addressed Miller's antisocial personality disorder diagnosis: "[t]he antisocial personality disorder diagnosis is also a great concern where the lack of empathy for others and [Miller's] acting out to the detriment of others and victimizing people. Those traits and behaviors would indicate more likely to recidivate." (Tr. 26.) Finally, the trial court acknowledged that the victim was "terrorized and brutally assaulted." (Tr. 27.)

{¶20} Based on these factors, the trial court concluded that the state met its burden

of presenting clear and convincing evidence that Miller is a sexual predator. The trial court classified Miller as a sexual predator.

**{¶21}** Accordingly, the trial court created a sufficient and thorough record for review. The record contains the court psychiatric clinic's report, which assisted the trial court in determining whether Miller was likely to reoffend in the future. Furthermore, the statutory factors set forth in former R.C. 2950.09(B)(3) were addressed by the prosecutor and Miller's counsel, and considered by the trial court.

**{¶22}** Miller's argument regarding the trial court's failure to specifically find that he was likely to commit another sexually oriented offense in the future is misplaced. This court addressed and rejected this exact argument in *Blake-Taylor*, 8th Dist. Cuyahoga No. 100419, 2014-Ohio-3495:

> Although the court is required to state in the judgment of conviction that the offender is a sexual predator, former R.C. 2950.09(B)(4) does not require that the court specifically state that the offender is likely to commit sexually oriented offenses in the future. In fact, doing so would be redundant — as defined in former R.C. 2950.01(E) the term "sexual predator" necessarily means that the offender is likely to commit a sexually oriented offense in the future.

*Id*. at ¶ 5. Furthermore, this court explained that "[f]ormer R.C. 2950.09(B)(4) does not require the court to give its reasons for classifying an offender as a sexual predator. In fact, the court is required to give reasons only in the event it does not find that the offender is a sexual predator." *Id*. at ¶ 8, citing *State v. Mack*, 1st Dist. Hamilton No. C-050968, 2006-Ohio-6284, ¶ 17.

**{¶23}** For all of these reasons, Miller's first assignment of error is overruled.

## C.   Manifest Weight

**{¶24}** In his second assignment of error, Miller argues that "there is no evidence that suggests that [he] will commit a future sex offense."   Appellant's brief at 10. Initially, Miller asserts that the state merely referenced the PSI, the court psychiatric clinic's report, the victim's account of the incident, and the police report without formally offering these documents into evidence.[2]

**{¶25}** The record reflects that Miller's counsel did not object to the prosecutor's references to these aforementioned documents.   In fact, Miller's counsel also referenced the PSI and court psychiatric clinic's report during the classification hearing.   (Tr. 19.) Accordingly, Miller has waived all but a plain error objection to the trial court's reliance on these reports in its finding that Miller was a sexual predator.   *Cook*, 83 Ohio St.3d at 426, 700 N.E.2d 570;   *State v. Anderson*, 135 Ohio App.3d 759, 765, 735 N.E.2d 909 (3d Dist.1999).   In order to find plain error under Crim.R. 52(B), it must be determined that but for the error, the outcome of the proceeding clearly would have been otherwise. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph two of the syllabus.

**{¶26}** The Ohio Supreme Court has held that the Ohio Rules of Evidence do not strictly apply to sexual offender classification hearings:

> [a] sexual predator classification hearing is similar to sentencing or
> probation hearings where it is well settled that the Rules of Evidence do not
> strictly apply.   A classification hearing does not occur until after the

---

[2] Miller's counsel surmised that the prosecutor's description of the impact Miller's conduct had on the victim was based on the police report.   (Tr. 33.)   This issue arose during the sentencing phase of the hearing after the trial court classified Miller as a sexual predator.

offender has been convicted of the underlying offense. Further, the classification hearing is intended to determine the offender's status, not to determine the guilt or innocence of the offender. Accordingly, we hold that the Ohio Rules of Evidence do not strictly apply to sexual predator classification hearings.

*Cook* at 425. As such, the court explained, "reliable hearsay, *such as a presentence investigation report*, may be relied upon by the trial judge." (Emphasis added.) *Id.*; *see also State v. Lee*, 128 Ohio App.3d 710, 719, 716 N.E.2d 751 (1st Dist.1998) ("[t]he trial court has the discretion to consider all cogent evidence on the issues so long as the evidence satisfies a basic standard of being reliable, substantive, and probative"); *State v. Boshko*, 139 Ohio App.3d 827, 840, 745 N.E.2d 1111 (12th Dist.2000), citing *Cook* at 424 (a trial court may rely upon victim impact statements during classification hearings); *State v. Becker*, 12th Dist. Clermont No. CA2001-02-022, 2001 Ohio App. LEXIS 5997, 2 (Dec. 31, 2001), citing *Eppinger*, 91 Ohio St.3d at 166, 743 N.E.2d 881 ("[t]he court may consider all records from the underlying criminal case, including a presentence report, in a sexual predator hearing.")

**{¶27}** In the instant matter, the PSI and court psychiatric clinic's report were not state's exhibits — they were ordered by the trial court after the change of plea hearing in anticipation of the sex offender classification and sentencing hearing. The trial court was well within its discretion to consider these reports and statements in making its sexual predator determination, and the state had no obligation to formally introduce these documents into evidence. Accordingly, Miller cannot demonstrate that the outcome of the classification hearing clearly would have been different but for the alleged error.

**{¶28}** Miller further argues that there was not clear and convincing evidence in the record indicating that he is a sexual predator. Miller emphasizes that he was 14 at the time of the incident, and asserts that "[s]ince the age of 14, when this offense took place, [Miller] never re-offended." Appellant's brief at 9-10. Miller suggests that the evidence adduced at the classification hearing only supports a sexually oriented offender classification. We disagree.

**{¶29}** Miller's assertion that he did not reoffend after the August 2001 incident is belied by the record. In fact, Miller even acknowledges that he "has had contact with the criminal justice system" since the August 2001 incident. Appellant's brief at 9. However, he clarifies that the offenses he committed after the August 2001 incident were not sexually oriented.

**{¶30}** After reviewing the record, we find that multiple R.C. 2950.09(B)(3) factors support the trial court's classification of Miller as a sexual predator. Miller's criminal history consists of a 2011 conviction for felonious assault,[3] a 2008 conviction for attempted escape,[4] a 2007 conviction for robbery and having weapons while under disability,[5] and a 2007 conviction for drug possession.[6] Although both the prosecutor and the trial court expressed concern about Miller's antisocial personality disorder

---

[3] Cuyahoga C.P. No. CR-11-547996-E

[4] Cuyahoga C.P. No. CR-08-511077-A

[5] Cuyahoga C.P. No. CR-07-494447-A

[6] Cuyahoga C.P. No. CR-06-486543-A

diagnosis, Miller's counsel did not address these concerns, present any evidence regarding Miller's mental health, or surmise how the diagnosis would impact the likelihood of reoffending. The Static-99 report placed Miller in the "moderate-high" risk category of reoffending. (Tr. 24.)

{¶31} The trial court considered the factors that indicated Miller is likely to reoffend:

> the factors related to whether that would indicate [Miller] would be likely to reoffend was the fact that this was an unrelated victim; that there's been at the very least mild substance abuse issues and the data, the information in the PSI and his prior criminal history would indicate that that's a very conservative estimate. In fact [Miller] indicates he can't even recall what happened back in that time period. He has other prior violent offenses, that is, prior to today. He had several violent juvenile arrests as well prior to this incident. In fact the month of May, July and August 8th prior to this August 31st [2001] incident there [were] cases filed for robbery, aggravated menacing and assault. * * * And again [Miller was] adjudicated delinquent for an aggravated burglary in January from an arrest that occurred in January of 2002. * * * So those prior offenses would weigh in favor of him recidivating.

(Tr. 24-26.)

{¶32} The trial court also considered the factors that mitigate Miller's likelihood of reoffending:

> there's a lack of prior sexual offenses in [Miller's] criminal history. There's no deviant sexual preferences with respect to children or otherwise. He hadn't had an opportunity to complete any treatment. No male child victims. And the fact that he's had somewhat of a continuous romantic partner for two years or more although he's never been married.

(Tr. 26-27.)

{¶33} Accordingly, after reviewing the record — including Miller's prior criminal

and juvenile record, history of violence, "moderate-high" risk of reoffending, the nature of Miller's offense, and Miller's antisocial personality disorder diagnosis — we find that the trial court's sexual predator classification is supported by competent, credible evidence. Further, the trial court considered the relevant factors enumerated in former R.C. 2950.09(B)(3) in classifying Miller as a sexual predator. We cannot say that the trial court lost its way in determining that the mitigating factors did not outweigh the factors indicating Miller is likely to reoffend. Accordingly, the trial court's sexual predator classification is not against the manifest weight of the evidence.

{¶34} Finally, in light of his guilty plea to sexual battery, Miller takes issue with the prosecutor's description of his conduct as rape. Miller's counsel did not object to the prosecutor's description of Miller's conduct. It appears that Miller's counsel addressed the prosecutor's description during counsel's argument regarding classification. Miller's counsel explained, "[t]he allegation is that [Miller] engaged in conduct other than what he pled to. [Miller's] plea was to a sexual battery." (Tr. 19.) Miller does not explain how he was prejudiced by the prosecutor's description.

{¶35} At the outset of the classification and sentencing hearing, the trial court correctly recognized that Miller pled guilty to sexual battery, a third-degree felony violation of R.C. 2907.03(A)(1). (Tr. 9.) Furthermore, "'when considering whether [a defendant] should be adjudicated a sexual predator, the trial court could consider evidence aside from that related exclusively to the crimes for which he was convicted.'" *State v. Chapmyn*, 10th Dist. Franklin No. 07AP-300, 2007-Ohio-6538, ¶ 18, quoting

*State v. Raver*, 10th Dist. Franklin No. 02AP-604, 2003-Ohio-958, ¶ 53.

**{¶36}** For all of these reasons, Miller's second assignment of error is overruled.

### D. Due Process and Equal Protection

**{¶37}** In his third assignment of error, Miller argues that the sexual predator classification violates his constitutional rights to due process and equal protection because he committed the sexual battery offense when he was a juvenile.

**{¶38}** In support of his due process argument, Miller directs this court to *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), where the United States Supreme Court held that the Eighth Amendment "does not permit a juvenile offender to be sentenced to life in prison without parole for a nonhomicide crime." *Id*. at syllabus. The court recognized

> [a]s compared to adults, juveniles have a "'lack of maturity and an underdeveloped sense of responsibility'"; they "are more vulnerable or susceptible to negative influences and outside pressures, including peer pressure"; and their characters are "not as well formed." [*Roper v. Simmons*, 543 U.S. 551, 569-570, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005)]. These salient characteristics mean that "[i]t is difficult even for expert psychologists to differentiate between the juvenile offender whose crime reflects unfortunate yet transient immaturity, and the rare juvenile offender whose crime reflects irreparable corruption." [*Roper*] at 573. Accordingly, "juvenile offenders cannot with reliability be classified among the worst offenders." [*Roper*] at 569[.]

*Graham* at 68. The court further explained that "[j]uveniles are more capable of change than are adults, and their actions are less likely to be evidence of 'irretrievably depraved character' than are the actions of adults." *Id*., quoting *Roper* at 570.

**{¶39}** Miller's reliance on *Graham* is misplaced. While *Graham* deals with the

constitutional implications of imposing life imprisonment on juveniles, the instant matter deals with Miller's requirement to register as a sexual offender. Furthermore, the Ohio Supreme Court has held that sexual offender notification, reporting, and verification requirements under former R.C. Chapter 2950 are remedial rather than punitive. *Cook*, 83 Ohio St.3d at 417, 700 N.E.2d 570. *See Blake-Taylor*, 8th Dist. Cuyahoga No. 100419, 2014-Ohio-3495, at ¶ 34 (a sexual offender's duty to report is "structured as a remedial tool to address his risk of reoffending. That is not regarded as punishment in Ohio.").

{¶40} Miller further directs this court to *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, where the Ohio Supreme Court held,

> [t]o the extent that it imposes automatic, lifelong registration and notification requirements on juvenile sex offenders tried within the juvenile system, R.C. 2152.86 violates the constitutional prohibition against cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution and the Ohio Constitution, Article I, Section 9, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Ohio Constitution, Article I, Section 16.

*Id*. at syllabus. As noted above, the instant matter concerns Miller's registration requirements as a sexual offender under former R.C. Chapter 2950. Thus, R.C. 2152.86 is inapplicable, and Miller's reliance on *In re C.P.* is misplaced.

{¶41} For all of these reasons, Miller's sexual predator classification does not violate due process.

{¶42} In support of his equal protection argument, Miller argues that had he been prosecuted at the time he committed the sexual battery offense, he would not have been

subject to classification under Megan's Law.

{¶43} Initially, we note that Miller did not raise the issue of equal protection in the trial court. Furthermore, Miller does not support his equal protection argument with citation to any authority. *See* App.R. 16(A)(7).

{¶44} This court considered and rejected this exact argument in *Blake-Taylor*. There, this court, in applying the rationale from *State v. Warren*, 118 Ohio St.3d 200, 2008-Ohio-2011, 887 N.E.2d 1145, concluded that

> [i]f it is permissible to impose a life sentence on an offender for acts committed while the offender was a juvenile but not charged until the offender is an adult, it is equally permissible to require an offender to register as a sexual predator based on acts committed while the offender was a juvenile but not charged until the offender reaches adulthood.

*Blake-Taylor,* 8th Dist. Cuyahoga No. 100419, 2014-Ohio-3495, at ¶ 38. For all of these reasons, Miller's sexual predator classification does not violate equal protection.

{¶45} Based on the foregoing analysis, Miller's third assignment of error is overruled.

### III. Conclusion

{¶46} After thorough review, we find that the trial court conducted an adequate classification hearing; the trial court's sexual predator classification is supported by competent, credible evidence and is not against the manifest weight of the evidence; Miller's sexual predator classification does not violate due process or equal protection.

{¶47} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

PATRICIA ANN BLACKMON, P.J., and
LARRY A. JONES, SR., J., CONCUR