[Cite as *State v. Singletary*, 2018-Ohio-1115.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.   CA2017-06-085 |
| | : | O P I N I O N |
| - vs - | | 3/26/2018 |
| | : | |
| JAMES A. SINGLETARY, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2016-07-0986


Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Michele Temmel, 6 South Second Street, Hamilton, Ohio 45011, for defendant-appellant


**RINGLAND, J.**

{¶ 1} Defendant-appellant, James Singletary, appeals from his conviction in the Butler County Court of Common Pleas after he pled no contest to one count of failure to verify a current residence, school, institution of higher education, or place of employment address in violation of R.C. 2950.06.  For the reasons detailed below, we affirm.

{¶ 2} In 1987, Singletary was convicted of rape and aggravated robbery, both first-degree felonies and was sentenced to a prison term of eight to 25 years.  While Singletary

was still in prison, Chapter R.C. 2950, "Megan's Law" became effective. This act provided for judicial classification of sex offenders and instituted registration and reporting requirements for each category of offender.

{¶ 3} Due to the enactment of that law, in June 1997, while Singletary was serving his prison sentence, the trial court held an offender classification hearing. Thereafter, the trial court found that Singletary was a sexual predator "by clear and convincing evidence after carefully considering all relevant factors including those enumerated in R.C. 2950.09(B)(2)." However, the trial court declined to classify Singletary as a sexual predator after finding that the classification, as applied to him, violated the ex post facto clause of the United States Constitution and the retroactive clause of the Ohio Constitution.

{¶ 4} The state appealed and the trial court's decision was reversed by this court in *State v. Jones*, 12th Dist. Butler Nos. CA97-05-103, CA97-05-106, CA97-05-111, CA97-05-112, CA97-06-122, CA97-06-124, and CA97-06-131, 1998 Ohio App. LEXIS 1079 (Mar. 23, 1998). In so doing, this court remanded the matter to the trial court with directions to issue a new order classifying Singletary as a sexual predator. On December 16, 1998, the trial court ordered that Singletary was adjudicated as a sexual predator and, upon his release from prison, pursuant to R.C. Chapter 2950, he was required to register and verify his address every 90 days for life, and was also subject to the community notification provisions. Singletary was released from prison on September 27, 2006.

{¶ 5} On September 21, 2016, Singletary was indicted on one count of failure to verify a current residence, school, institution of higher education, or place of employment address in violation of R.C. 2950.06. Singletary moved to dismiss the indictment, again raising the same arguments from his prior appeal, i.e., that his sexual predator classification violated ex post facto and retroactivity principles. In addition, Singletary raised additional constitutional challenges, arguing that his classification was cruel and unusual punishment,

- 2 -

and violated principles of equal protection and due process. The trial court denied Singletary's motion to dismiss.

{¶ 6} Thereafter, Singletary pled no contest to the charges and was found guilty of one count of failure to verify. Singletary was sentenced to community control. Singletary now appeals, raising three assignments of error for review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED WHEN IT DENIED MR. SINGLETARY'S MOTION TO DISMISS THE INDICTMENT.

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE COURT WAS STATUTORILY UNAUTHORIZED TO CLASSIFY MR. SINGLETARY AS A SEXUAL PREDATOR.

{¶ 11} Assignment of Error No. 3:

{¶ 12} THE CLASSIFICATION/TRIAL COURT WAS STATUTORILY UNAUTHORIZED TO UNILATERALLY CLASSIFY MR. SINGLETARY AS A SEXUAL PREDATOR THROUGH A SENTENCING ADDENDUM.

{¶ 13} For ease of discussion, we will address Singletary's assignments of error together. In his first assignment of error, Singletary argues that the trial court erred by denying his motion to dismiss the indictment, alleging that the retroactive application of Megan's Law violates several constitutional protections. Singletary cites principles of ex post facto and retroactivity, cruel and unusual punishment, due process, and equal protection. In his second and third assignments of error, Singletary challenges his sexual predator classification because: (1) "the record fails to reflect clear and convincing evidence that Mr. Singletary should be classified as a sexual predator," and (2) he was deprived of due process when the trial court "changed his sex offender status from Sexual Offender * * * to Sexual Predator."

{¶ 14} Following review, we find Singletary's arguments are without merit. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Elder*, 12th Dist. Butler No. CA2013-01-008, 2013-Ohio-3574, ¶ 7; *State v. Snead*, 12th Dist. Clermont No. CA2014-01-014, 2014-Ohio-2895, ¶ 18. Although the doctrine of res judicata does not preclude review of a void sentence, "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *State v. Lloyd*, 12th Dist. Warren No. CA2017-07-104, 2018-Ohio-803, ¶ 33-34, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 40.

{¶ 15} With regard to the first assignment of error, we find the trial court did not err by denying Singletary's motion to dismiss on the basis that retroactive application of Megan's Law is unconstitutional. Initially, Singletary's argument is without merit because his classification as a sexual predator is not void and his argument is barred by the doctrine of res judicata. Furthermore, the Ohio Supreme Court has consistently held that the pre-Adam Walsh Act versions of R.C. Chapter 2950 applicable here "are remedial, not punitive, and that retroactive application of them does not violate the Ohio or United States Constitutions." *State v. Lay*, 2d Dist. Champaign No. 2012-CA-7, 2012-Ohio-4447, ¶ 7; *State v. Cook*, 83 Ohio St.3d 404 (1998), syllabus. The same is true regarding the numerous challenges invoking the Ex Post Facto Clause as found in the United States Constitution. *See Cook* at paragraph two of the syllabus; *see also Smallwood v. State*, 12th Dist. Butler No. CA2011-02-021, 2011-Ohio-3910, ¶ 21; *State v. Wilson*, 5th Dist. Stark No. 2011CA00266, 2012-Ohio-2164, ¶ 9. This is true even though Singletary was under the age of 18 at the time of

the offense. *See, e.g., State v. Miller*, 8th Dist. Cuyahoga No. 104747, 2017-Ohio-1554 (offender was 14 at the time of the offense).

{¶ 16}  Additionally, Singletary directs this court to *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, where the Ohio Supreme Court held:

> [t]o the extent that it imposes automatic, lifelong registration and notification requirements on juvenile sex offenders tried within the juvenile system, R.C. 2152.86 violates the constitutional prohibition against cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution and the Ohio Constitution, Article I, Section 9, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Ohio Constitution, Article I, Section 16.

However, as noted above, the instant matter concerns Singletary's registration requirements as a sexual predator under former R.C. Chapter 2950. Thus, R.C. 2152.86 is inapplicable, and Singletary's reliance on *In re C.P.* is misplaced. *See State v. Miller*, 8th Dist. Cuyahoga No. 104747, 2017-Ohio-1554, ¶ 40.

{¶ 17}  As to the second assignment of error, we similarly conclude that Singletary's argument is barred by the doctrine of res judicata. Singletary's classification as a sexual predator was not void and res judicata applies. Here, the trial court in 1997 specifically found that Singletary was a sexual predator based on the evidence presented at the hearing, but found the classification invalid based on constitutional concerns. This court, however, reversed that decision and found that Singletary's classification did not offend constitutional standards. *Jones*, 1998 Ohio App. LEXIS 1079 at *4. Therefore, this court ordered that Singletary be classified as a sexual predator. *Id.* at *10-*11. Singletary's classification has been litigated and is not void or contrary to law.

{¶ 18}  Finally, Singletary argues that he was deprived of due process because the trial court did not hold an additional hearing following this court's remand order to classify him as a sexual predator. This claim is also res judicata, as his classification was not void and he

could have appealed from the final order classifying him as a sexual predator dated December 16, 1998. Furthermore, Singletary received a hearing as required by the statute and he, with counsel, had the opportunity to defend on the merits. The trial court found that Singletary was a sexual predator based on the evidence presented. This court, in *Jones*, found the constitutional arguments to be without merit and therefore ordered that Singletary be classified as a sexual predator in accordance with the evidence presented during the hearing. *Id.* In short, Singletary had a full opportunity to present defenses at his classification hearing and he was not deprived of due process.

{¶ 19} Having found the trial court did not err by classifying Singletary as a sexual predator or in its decision denying Singletary's motion to dismiss the indictment, we find his three assignments of error are without merit and overruled.

{¶ 20} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.