[Cite as *State v. Rarden*, 2016-Ohio-3108.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2015-12-214 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 5/23/2016 |
| - vs - | : | |
| | : | |
| LONNIE RARDEN, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2006-07-1271

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Timothy R. Evans, 110 North Third Street, Hamilton, Ohio 45011, for defendant-appellant

**M. POWELL, P.J.**

{¶ 1} Defendant-appellant, Lonnie Rarden, appeals a decision of the Butler County Court of Common Pleas denying his Motion to Void Sentence and Void Entries of Convictions.

{¶ 2} In 2006, the Butler County Grand Jury returned two indictments collectively charging appellant with several felonies and misdemeanors, including one count of felony escape, two counts of felony complicity to perjury, and one count of felony complicity to

tampering with evidence, all felonies of the third degree. Following a jury trial, appellant was found guilty of all charges and sentenced to 26 and one-half years in prison. We affirmed appellant's conviction and sentence on direct appeal and the Ohio Supreme Court declined review. *State v. Rarden*, 12th Dist. Butler No. CA2007-03-077 (Apr. 21, 2008) (Accelerated Calendar Judgment Entry); *State v. Rarden*, 125 Ohio St.3d 1416, 2010-Ohio-1893.

{¶ 3} In 2008, shortly before this court issued its decision on appeal, appellant moved the trial court to vacate his sentence, arguing the trial court had improperly excluded evidence from trial. Construing the motion as a petition for postconviction relief, the trial court denied appellant's petition as untimely. Appellant did not appeal from the trial court's decision.

{¶ 4} In 2010, appellant moved the trial court to vacate his sentence, arguing he had not been properly informed of his postrelease control obligations. Finding merit to appellant's claim, the trial court held a resentencing hearing limited to the proper advisement and imposition of postrelease control. We affirmed the trial court's decision and the Ohio Supreme Court declined review. *State v. Rarden*, 12th Dist. Butler Nos. CA2010-04-095, CA2010-05-106, and CA2010-05-126 (Feb. 7, 2011) (Accelerated Calendar Judgment Entry); *State v. Rarden*, 130 Ohio St.3d 1497, 2011-Ohio-6556.

{¶ 5} In 2013, appellant once again moved the trial court to vacate his sentence. As it had done previously, the trial court construed appellant's motion as a petition for postconviction relief and denied the petition as untimely. The trial court also found that appellant's petition was barred by the doctrine of res judicata. We affirmed the trial court's decision and the Ohio Supreme Court declined review. *State v. Rarden*, 12th Dist. Butler No. CA2013-07-125, 2014-Ohio-564; *State v. Rarden*, 139 Ohio St.3d 1407, 2014-Ohio-2245.

{¶ 6} On September 16, 2015, appellant filed a motion requesting the trial court to void his five-year prison sentence for his escape conviction and to void his convictions for

complicity to perjury and tampering with evidence. Appellant argued that his sentence for escape was void because the jury verdict form upon which his conviction was based neither provided that the conviction was a third-degree felony nor found him guilty of the additional elements required to support a third-degree felony escape conviction. Appellant also argued that his convictions for complicity to perjury and tampering with evidence were void because during deliberations the trial court's answers to the jurors' questions regarding the offenses deprived appellant of his right to a jury trial. On November 18, 2015, the trial court denied appellant's motion, finding that appellant's claims were barred by the doctrine of res judicata.

{¶ 7} Appellant appeals, raising two assignments of error.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE COURT ERRED IN FAILING TO VOID DEFENDANT'S CONVICTION OF THE THIRD DEGREE FELONY FOR THE CRIME OF ESCAPE.

{¶ 10} Appellant argues that because the jury verdict form relating to his escape conviction failed to state he was guilty of a third-degree felony or to set forth the requisite elements of a third-degree felony escape, he was only convicted of a first-degree misdemeanor escape. As a result, appellant asserts, his five-year prison sentence for escape is void. Appellant cites R.C. 2945.75(A)(2); *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256; and *State v. McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042, in support of his argument.

{¶ 11} R.C. 2945.75(A)(2) provides that "[a] guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."

{¶ 12} In *Pelfrey*, the Ohio Supreme Court held that "pursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of

which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of criminal offense." *Pelfrey*, 2007-Ohio-256 at ¶ 14. In *McDonald*, the supreme court held that "in cases involving offenses for which the addition of an element or elements can elevate the offense to a more serious degree, the verdict form itself is the only relevant thing to consider in determining whether the dictates of R.C. 2945.75 have been followed." *McDonald*, 2013-Ohio-5042 at ¶ 17. "[A] felony verdict form—if it does not state the degree of the offense—must state the elements that distinguish it from a misdemeanor offense." *Id.* at ¶ 24.

{¶ 13} We find that the trial court properly denied appellant's motion to void his escape sentence under the doctrine of res judicata. Pursuant to that doctrine, a convicted defendant who was represented by counsel is barred from raising and litigating issues that were raised or could have been raised at trial or on direct appeal from the judgment of conviction. *State v. Van Tielen*, 12th Dist. Brown No. CA2015-09-025, 2016-Ohio-1288, ¶ 19.

{¶ 14} In the case at bar, while appellant filed a direct appeal from his conviction post *Pelfrey*, he did not raise any arguments under *Pelfrey* or R.C. 2945.75(A)(2) regarding the jury verdict form. "*Pelfrey* does not hold that res judicata is inapplicable in situations where the appellant has not only waived the issue at the trial court level but also failed to raise the issue in his direct appeal." *State v. Alexander*, 11th Dist. Trumbull No. 2013-T-0100, 2014-Ohio-2710, ¶ 17. "Appellate courts that have addressed this issue have found that, where the appellant filed and argued a direct appeal but did not raise any arguments under *Pelfrey* or related to the inadequacy of the jury verdict form, res judicata applies to subsequent appeals." *Id.* Because appellant did not raise the issue in his direct appeal, res judicata bars him from raising it now. *See State v. Walburg*, 10th Dist. Franklin No. 12AP-637, 2013-Ohio-1150 (finding that res judicata barred defendant's claim his sentence was void because the verdict form did not comply with R.C. 2945.75); *State v. Hines*, 3d Dist. Allen No. 1-10-92,

2011-Ohio-3125 (same).

{¶ 15} We recognize that an exception to the application of res judicata applies to a void judgment. *Walburg* at ¶ 7; *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 30. However, the failure of a jury verdict form to comply with R.C. 2945.75(A)(2) does not render a resulting conviction or sentence void. *State v. Love*, 11th Dist. Lake No. 2011-L-259, 2012-Ohio-3029, ¶ 19-21; *State v. Quinn*, 6th Dist. Lucas No. L-14-1037, 2014-Ohio-5211, ¶ 19; *Walburg* at *id.*; and *Hines* at ¶ 16.

{¶ 16} Appellant's first assignment of error is accordingly overruled.

{¶ 17} Assignment of Error No. 2:

{¶ 18} THE COURT ERRED IN FAILING TO FIND THAT DEFENDANT'S CONVICTIONS FOR PERJURY AND TAMPERING WITH EVIDENCE WERE VOID AND IN FAILING TO ORDER A NEW TRIAL FOR DEFENDANT ON THESE COUNTS.

{¶ 19} Appellant argues that the trial court erred in denying his motion to void his convictions for complicity to perjury and tampering with evidence. Appellant asserts that in answering the jury's questions regarding these offenses, the trial court improperly directed the jury to make certain findings of fact and "in essence deprived [appellant] of the right to a jury trial."

{¶ 20} A trial court is not prohibited from clarifying its instructions or answering a jury's questions during deliberations. *State v. Hibbard*, 12th Dist. Butler No. CA2002-05-129, 2003-Ohio-5104, ¶ 11. Rather, "where, during the course of its deliberations, a jury requests further instruction, or clarification of instructions previously given, a trial court has discretion to determine its response to that request." *State v. Carter*, 72 Ohio St.3d 545, 553 (1995).

{¶ 21} The record shows that during deliberations, the jury asked the trial court to clarify which official proceedings were involved regarding the two counts of complicity to perjury, and in what legal proceeding the evidence was to be used in the complicity to

tampering with evidence count. Contrary to appellant's argument, in answering the jury's questions, the trial court spoke in terms of the "allegations" and did not indicate the facts were uncontroverted. Appellant's claim that the trial court's answers to the jury's questions denied his right to a jury trial is therefore without merit.

{¶ 22} In any event, the record shows that at the time of his trial, appellant was aware of both the jury's questions and the trial court's answers. Appellant did not object to the trial court's answers to the jury's questions, nor did he raise the issue in his direct appeal. Consequently, res judicata bars appellant from raising the issue now and the trial court properly denied his motion to void his convictions for complicity to perjury and tampering with evidence under the doctrine of res judicata. *See State v. Blanda*, 12th Dist. Butler No. CA2013-06-109, 2014-Ohio-2234.

{¶ 23} Appellant's second assignment of error is overruled.

{¶ 24} Judgment affirmed.

S. POWELL and RINGLAND, JJ., concur.