[Cite as *State v. Rarden*, 2018-Ohio-4487.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                                    :

    Plaintiff-Appellee,              :          CASE NO. CA2018-03-044

                                              :                O P I N I O N
- vs -                                                                    11/5/2018

                                              :

LONNIE RARDEN,                             :

    Defendant-Appellant.           :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2006-07-1271


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Lonnie Rarden, #A547085, London Correctional Institution, P.O. Box 69, London, Ohio 43140, defendant-appellant, pro se


**RINGLAND, J.**

{¶ 1} Defendant-appellant, Lonnie Rarden, appeals a decision of the Butler County Court of Common Pleas denying his "Motion to Re-Sentence and or Correct an Illegal Sentence(s)." For the reasons detailed below, we affirm.

{¶ 2} In 2006, Rarden was indicted and charged with several felonies and misdemeanors, including one count of felony escape, two counts of felony complicity to

perjury, and one count of felony complicity to tampering with evidence. Following a jury trial, Rarden was found guilty of all charges and sentenced to 26 and one-half years in prison. This court affirmed Rarden's conviction and sentence on direct appeal and the Ohio Supreme Court declined review. *State v. Rarden*, 12th Dist. Butler No. CA2007-03-077 (Apr. 21, 2008) (Accelerated Calendar Judgment Entry); *State v. Rarden*, 125 Ohio St.3d 1416, 2010-Ohio-1893.

{¶ 3} In 2008, shortly before this court issued its decision on direct appeal, Rarden moved the trial court to vacate his sentence, arguing the trial court had improperly excluded evidence from trial. Construing the motion as a petition for postconviction relief, the trial court denied Rarden's petition as untimely. Rarden did not appeal from the trial court's decision.

{¶ 4} In 2010, Rarden moved the trial court to vacate his sentence, arguing he had not been properly informed of his postrelease control obligations. Finding merit to Rarden's claim, the trial court held a resentencing hearing limited to the proper advisement and imposition of postrelease control. This court affirmed the trial court's decision and the Ohio Supreme Court declined review. *State v. Rarden*, 12th Dist. Butler Nos. CA2010-04-095, CA2010-05-106, and CA2010-05-126 (Feb. 7, 2011) (Accelerated Calendar Judgment Entry); *State v. Rarden*, 130 Ohio St.3d 1497, 2011-Ohio-6556.

{¶ 5} In 2013, Rarden once again moved the trial court to vacate his sentence. As it had done previously, the trial court construed Rarden's motion as a petition for postconviction relief and denied the petition as untimely. The trial court also found that Rarden's petition was barred by the doctrine of res judicata. This court affirmed the trial court's decision and the Ohio Supreme Court declined review. *State v. Rarden*, 12th Dist. Butler No. CA2013-07-125, 2014-Ohio-564; *State v. Rarden*, 139 Ohio St. 3d 1407, 2014-Ohio-2245.

{¶ 6} In 2015, Rarden filed a motion requesting the trial court to void his five-year

- 2 -

prison sentence for his escape conviction and to void his convictions for complicity to perjury and tampering with evidence. On November 18, 2015, the trial court denied appellant's motion, finding that appellant's claims were barred by the doctrine of res judicata. This court affirmed the trial court's decision and the Ohio Supreme Court declined review. *State v. Rarden*, 12th Dist. Butler No. CA2015-12-214, 2016-Ohio-3108; *State v. Rarden*, 146 Ohio St. 3d 1515, 2016-Ohio-7199.

{¶ 7} On December 11, 2017, Rarden filed a motion requesting the trial court resentence him or correct an illegal sentence. Rarden argued that the trial court failed to conduct a de novo sentencing hearing in 2010 and failed to properly inform him of his postrelease control. In addition, Rarden argued that his sentence was contrary to law, the trial court engaged in improper judicial factfinding, and the trial court improperly "packaged up" his prison sentences. The trial court denied Rarden's motion. Rarden now appeals, raising five assignments of error for review.

{¶ 8} Assignment of Error No. 1:

{¶ 9} APPELLANT WAS NOT PROPERLY NOTIFIED OF POST RELEASE CONTROL.

{¶ 10} In his first assignment of error, Rarden argues that the trial court improperly notified him of postrelease control following his 2010 resentencing hearing. In *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, ¶1, the Ohio Supreme Court held:

> [T]o validly impose post-release control when the court orally provides all the required advisements at the sentencing hearing, the sentencing entry must contain the following information: (1) whether post-release control is discretionary or mandatory, (2) the duration of the post-release-control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the post-release control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of post-release control will subject the offender to the consequences set forth in that statute.

{¶ 11}   In the present case, the trial court orally advised Rarden of postrelease control during the 2010 resentencing hearing by stating:

> I imposed five years of post-release control [in prior judgment entry].  I believe it should have been three years of post-release control.  What that means, [Rarden], is that the Court is going to impose three years of post-release control.

{¶ 12}   Rarden argues that the trial court's oral notification of postrelease control violated the Ohio Supreme Court's decision in *Grimes* because it implied that he is subject to mandatory postrelease control.   As Rarden was subject to optional, as opposed to mandatory, postrelease control for three years under R.C. 2967.28(C), he argues that this matter must be remanded for resentencing.  The state concedes error and asks this court to remand the issue of postrelease control for a limited resentencing hearing.

{¶ 13}   However, this court does not need to accept an improper concession.  In this case, the trial court notified Rarden of postrelease control and the judgment entry specifies that "post release control is *optional* in this case up to a maximum of three (3) years." (Emphasis added).  The Ohio Supreme Court in *Grimes* specifically excluded this particular scenario from its holding.  *Id.* at ¶ 20 ("We reach no conclusion as to the requirements for sentencing entries in cases in which notice at the sentencing hearing was deficient.")  The court's decision in *Grimes* focused its analysis on what a minimally compliant entry must provide the Adult Parole Authority to execute the postrelease-control portion of the sentence. *Id.* at ¶ 13.  Here, the judgment entry provides the appropriate notice of postrelease control and complies with the holding in *Grimes.*  Rarden's sentence is not void.

{¶ 14}   Moreover, Rarden is unable to show any prejudice because of any purported overstatement of postrelease control.  As a result, any error would be harmless. *State v. Earley,* 8th Dist. Cuyahoga No. 100482, 2014-Ohio-2643, ¶ 25. *State v. Spears,* 9th Dist. Medina No. 07CA0036-M, 2008-Ohio-4045, ¶ 17.  Rarden's first assignment of error is

overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE TRIAL COURT WAS PROHIBITED FROM PACKAGING UP DEFENDANT'S POST RELEASE CONTROL.

{¶ 17} Assignment of Error No. 3:

{¶ 18} THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT UNDER AN UNAUTHORIZED STATUTE.

{¶ 19} Assignment of Error No. 4:

{¶ 20} THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT UNDER AN UNAUTHORIZED STATUTE.

{¶ 21} Assignment of Error No. 5:

{¶ 22} THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT UNDER THE SENTENCING PACKAGING DOCTRINE.

{¶ 23} For ease of discussion, we will address Rarden's second through fifth assignments of error together. In his second assignment of error, Rarden argues the trial court erred and engaged in improper sentence packaging when it informed him of postrelease control. In his third and fourth assignments of error, Rarden argues that his sentence is void because the trial court made impermissible findings of fact under R.C. 2929.14(C) and (E) before imposing maximum and consecutive sentences. In his fifth assignment of error, Rarden alleges the trial court engaged in impermissible sentence packaging.

{¶ 24} Following review, we find Rarden's arguments are without merit. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating, in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have

been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Singletary*, 12th Dist. Butler No. CA2017-06-085, 2018-Ohio-1115, ¶ 14; *State v. Elder*, 12th Dist. Butler No. CA2013-01-008, 2013-Ohio-3574, ¶ 7; *State v. Snead*, 12th Dist. Clermont No. CA2014-01-014, 2014-Ohio-2895, ¶ 18. Although the doctrine of res judicata does not preclude review of a void sentence, "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *State v. Lloyd*, 12th Dist. Warren No. CA2017-07-104, 2018-Ohio-803, ¶ 33-34, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 40.

{¶ 25} In the present case, Rarden's sentence is not void, nor contrary to law. The trial court did not err when it informed him about postrelease control, nor did it make any impermissible findings of fact. Furthermore, the trial court did not engage in improper sentence packaging. The imposition of consecutive and concurrent sentencing is not the same as engaging in sentence packaging. *See State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 9. Res judicata applies to the lawful elements of his ensuing sentence. As a result, we find Rarden's second through fifth assignments of error to be without merit and they are hereby overruled.

{¶ 26} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.