[Cite as *State v. Rarden*, 2019-Ohio-2161.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-12-230 |
| - vs - | : | O P I N I O N<br>6/3/2019 |
| | : | |
| LONNIE RARDEN, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2006-07-1271

Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Lonnie Rarden, A547085, London Correctional Institution, 1580 State Route 56 SW, London, Ohio 43140, appellant pro se

**S. POWELL, J.**

{¶ 1} Appellant, Lonnie Rarden, appeals the decision of the Butler County Court of Common Pleas denying his motions to correct the alleged "illegal sentences" imposed by the trial court following his 2006 conviction for escape, retaliation, complicity to tampering with evidence, menacing by stalking, two counts of complicity to perjury, and 17 counts of violating a protection order. For the reasons outlined below, we affirm.

{¶ 2} On August 2, 2006, the Butler County Grand Jury returned an indictment in Case No. CR2006-07-1271 charging Rarden with escape. Shortly thereafter, on September 20, 2006, the Butler County Grand Jury returned an additional indictment in Case No. CR2006-09-1593 charging Rarden with retaliation, complicity to tampering with evidence, menacing by stalking, two counts of complicity to perjury, and 17 counts of violating a protection order. The trial court joined the two cases by entry filed on October 13, 2006.

{¶ 3} On March 21, 2007, a jury found Rarden guilty of all charges in both Case No. CR2006-07-1271 and Case No. CR2006-09-1593. The trial court then sentenced Rarden to serve a total of 26-and-one-half-years in prison. This court affirmed Rarden's conviction and sentence on direct appeal and the Ohio Supreme Court declined review. *State v. Rarden*, 12th Dist. Butler No. CA2007-03-077 (Apr. 21, 2008) (Accelerated Calendar Judgment Entry), appeal not accepted, *State v. Rarden*, 125 Ohio St.3d 1416, 2010-Ohio-1893.

{¶ 4} On February 14, 2008, shortly before this court issued its decision on Rarden's direct appeal, Rarden filed a motion requesting the trial court vacate his prison sentence. In support of this motion, Rarden argued the trial court had improperly excluded evidence from trial. Construing the motion as a petition for postconviction relief, the trial court denied Rarden's petition as untimely. Rarden did not appeal from the trial court's decision.

{¶ 5} On March 26, 2010, Rarden filed another motion requesting the trial court vacate his prison sentence. In support of this motion, Rarden argued he was not properly informed of his postrelease control obligations. Finding merit to Rarden's claim, the trial court held a resentencing hearing and properly advised Rarden of postrelease control. This court affirmed the trial court's decision and the Ohio Supreme Court again declined review.

*State v. Rarden*, 12th Dist. Butler Nos. CA2010-04-095, CA2010-05-106 and CA2010-05-126 (Feb. 11, 2007) (Accelerated Calendar Judgment Entry), appeal not accepted, *State v. Rarden*, 130 Ohio St.3d 1497, 2011-Ohio-6556.

{¶ 6} On April 10, 2013, Rarden filed yet another motion requesting the trial court vacate his prison sentence. Just as it had done for his 2010 motion, the trial court construed Rarden's motion as a petition for postconviction relief and denied the petition as untimely. The trial court also found Rarden's claims were barred by the doctrine of res judicata. This court affirmed the trial court's decision and the Ohio Supreme Court declined review. *State v. Rarden*, 12th Dist. Butler No. CA2013-07-125, 2014-Ohio-564, appeal not accepted, *State v. Rarden*, 139 Ohio St.3d 1407, 2014-Ohio-2245.

{¶ 7} On September 16, 2015, Rarden filed a motion requesting the trial court "void" the five-year prison sentence imposed in Case No. CR2006-07-1271 for his conviction of escape. Rarden also requested the trial court "void" his convictions for complicity to perjury and tampering with evidence in Case No. CR2006-09-1593. The trial court denied Rarden's motion upon finding his claims were again barred by the doctrine of res judicata. This court affirmed the trial court's decision and the Ohio Supreme Court again declined review. *State v. Rarden*, 12th Dist. Butler No. CA2015-12-214, 2016-Ohio-3108, appeal not accepted, *State v. Rarden*, 146 Ohio St.3d 1515, 2016-Ohio-7199.

{¶ 8} On December 11, 2017, Rarden filed a motion requesting the trial court resentence him to correct the alleged "illegal sentence(s)" imposed in both Case No. CR2006-07-1271 and Case No. CR2006-09-1593. The trial court summarily denied Rarden's motion upon finding it was "not well taken." This court affirmed the trial court's decision in *State v. Rarden*, 12th Dist. Butler No. CA2018-03-044, 2018-Ohio-4487. In so holding, this court specifically stated that "Rarden's sentence is not void, nor contrary to law" and that "[r]es judicata applies to the lawful elements of his ensuing sentence." *Id.* at

- 3 -

¶ 25. The Ohio Supreme Court thereafter declined review. *State v. Rarden*, __ Ohio St.3d __, 2019-Ohio-601.

**{¶ 9}** On March 19, 2018, Rarden filed identical motions in Case Nos. CR2006-07-1271 and CR2006-09-1593 requesting the trial court correct the alleged "illegal sentences" imposed in both cases. In support of his motions, Rarden argued the five-year prison sentence imposed in Case No. CR2006-07-1271 for his conviction of escape was improper since the trial court "sentenced him under the wrong case number and then ran consecutive sentences to that wrong case number rendering his sentences null, void and contrary to law."

**{¶ 10}** On November 13, 2018, while his two other motions were still pending, Rarden filed an additional motion requesting the trial court correct the alleged "void" 21-and-one-half-year prison sentence imposed in Case No. CR2006-09-1593 for his conviction of retaliation, complicity to tampering with evidence, menacing by stalking, two counts of complicity to perjury, and 17 counts of violating a protection order. In support of this additional motion, Rarden argued the sentence was "grossly disproportionate" to that of his codefendant, thereby rendering it "null and void."

**{¶ 11}** On November 28, 2018, the trial court issued two separate decisions denying all three of Rarden's motions upon finding his claims were barred by the doctrine of res judicata. Approximately three months later, on February 13, 2019, the trial court issued a nunc pro tunc decision. The trial court's nunc pro tunc decision remedied a clerical error in its two prior decisions that incorrectly referenced Rarden's September 16, 2015 motion to "void" the sentences imposed in both Case No. CR2006-07-1271 and Case No. CR2006-09-1593 rather than his November 13, 2018 motion to "void" only the sentence imposed in

Case No. CR2006-09-1593.[1]

{¶ 12} Rarden now appeals, raising two assignment of error for review.

{¶ 13} Assignment of Error No. 1:

{¶ 14} A TRIAL COURT CANNOT SENTENCE A DEFENDANT UNDER THE WRONG CASE NUMBER.

{¶ 15} In his first assignment of error, Rarden argues the trial court's five-year prison sentence imposed in Case No. CR2006-07-1271 for his conviction of escape must be reversed and vacated because the trial court sentenced him under the wrong case number. Rarden supports this claim by noting the sentencing hearing transcript where the trial court is credited with stating it was sentencing him to five years in prison for escape under Case No. CR2006-07-1227 rather than under CR2006-07-1271. Therefore, according to Rarden, this single alleged misstatement renders his sentence void and mandates reversal. We find no merit to Rarden's claim.

{¶ 16} Addressing the merits of Rarden's claim, thereby ignoring the clear application of the doctrine of res judicata, we agree that the sentencing hearing transcript indicates the trial court improperly referenced Case No. CR2006-07-1227 rather than CR2006-07-1271. But, the trial court's sentencing entry makes no reference to that case number in the case caption or in the body of the entry. The trial court's sentencing entry instead correctly references only Case No. CR2006-07-1271. Therefore, even assuming the trial court did make such a misstatement at the sentencing hearing, "[i]t is well-established that a court speaks only through its journal entries and not by oral pronouncement or through

---

1. We note that after the notice of appeal was filed in this case, Rarden has filed yet another motion in the trial court to correct the alleged "illegal sentences" imposed in both Case No. CR2006-07-1271 and Case No. CR2006-09-1593. In support, Rarden argued the 26-and-one-half-year prison sentence imposed by the trial court must be reversed because he did not "knowingly, or intelligently waive his right to counsel." Rarden also argued the sentences must be reversed because the trial court "failed to substantially comply with Crim.R. 44(A) and (C) before allowing [him] to proceed to trial in Pro Se[.]"

decisions."[2] *State v. Halsey*, 12th Dist. Butler No. CA2014-10-211, 2015-Ohio-3405, ¶ 14. Rarden's claim otherwise lacks merit.

{¶ 17} When taken in context, we find the trial court's supposed reference to Case No. CR2006-07-1227 rather than CR2006-07-1271 was nothing more than a slip of the tongue that in no way renders any portion of Rarden's 26-and-one-half-year prison sentence void. "[I]f the sentencing court had jurisdiction and statutory authority to act, sentencing errors do not render the sentence void and the sentence can be set aside only if successfully challenged on direct appeal." *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 23. The trial court in this case clearly had jurisdiction to impose the sentences that it did in both Case No. CR2006-07-1271 and Case No. CR2006-09-1593. Therefore, assuming such a misstatement in fact occurred, Rarden's first assignment of error lacks merit and is overruled.

{¶ 18} Assignment of Error No. 2:

{¶ 19} A TRIAL COURT CANNOT SENTENCE A DEFENDANT TO INCONSISTENT, OR GROSSLY DISPROPORTIONATE SENTENCES.

{¶ 20} In his second assignment of error, Rarden argues the trial court's decision sentencing him to 26-and-one-half-years in prison must be reversed because the sentence was inconsistent and grossly disproportionate to that of his codefendant. But, just as his challenges to the trial court's sentencing decision raised in 2013, 2015, and 2017, Rarden's most recent challenge is also barred by the doctrine of res judicata. Rarden could have, and in some cases actually did, raise these same arguments as part of his direct appeal and repeated postconviction motions. *See State v. Reynolds*, 79 Ohio St.3d 158, 161 (1997) ("a defendant cannot raise an issue in a motion for postconviction relief if he or she

---

2. Due to the similarities in Case Nos. CR2006-07-1227 and CR2006-07-1271 we find it more likely that the trial court's alleged misstatement was merely a typographical error by the transcriptionist.

could have raised the issue on direct appeal").

{¶ 21} Rarden argues his sentence must be reversed and vacated because the sheriff's deputy who escorted him out of the courtroom following his sentencing hearing allegedly said to him "are you fucking kidding me, did he just give you twenty-six and a half years for that bull shit[?]" Rarden also claims a "records officer" expressed surprise by the length of his sentence allegedly stating to him, "who did you piss off[?]" Rarden further claims that "judges and ex-judges" are always approaching his "family members who work in the judicial system" claiming he was "railroaded" when considering "'murders (sic) and rapist (sic) don't get that long of sentences." Therefore, when considering the alleged shock exhibited by these third parties, Rarden claims the trial court's sentencing decision was improper and must be vacated. We disagree.

{¶ 22} Even assuming Rarden's claims are true, which we highly doubt that they are, the fact that some third parties are surprised by the length of the sentence imposed by the trial court is neither grounds for reversal nor does it render the sentence void. Rarden is essentially arguing that the trial court's sentencing decision constitutes cruel and unusual punishment. But, as this court has previously found, the 26-and-one-half-year prison sentence imposed by the trial court was within the permissible statutory range for each of the offenses for which he was convicted. "[A] sentence within statutory limitations is not excessive and does not violate the constitutional prohibition against cruel and unusual punishment." *State v. Bosman*, 12th Dist. Butler No. CA2001-05-101, 2002 Ohio App. LEXIS 85, *3 (Jan. 14, 2002).

{¶ 23} Moreover, contrary to Rarden's claim, there is also "no requirement that co-defendants receive equal sentences." *State v. Isreal*, 12th Dist. Butler No. CA2010-07-170, 2011-Ohio-1474, ¶ 70, citing *State v. Hall*, 10th Dist. Franklin No. 09AP-302, 2009-Ohio-5712, ¶ 9. Rather, consistent sentences are derived from the trial court's "proper application

- 7 -

of the statutory sentencing guidelines." *State v. Micomonaco*, 12th Dist. Butler No. CA2011-07-139, 2012-Ohio-5239, ¶ 49. The record is clear that the trial court properly considered the necessary sentencing factors and guidelines found in both R.C. 2929.11 and 2929.12 prior to issuing its sentencing decision in this case. This is true despite Rarden's repeated assertions otherwise.

**{¶ 24}** No matter how many times Rarden moves the trial court to reverse and vacate his sentence, nor how many different arguments Rarden can conjure up while awaiting his 26-and-one-half-year prison sentence to end, the fact remains that the sentence imposed by the trial court is neither void nor contrary to law. Again, as this court has already found, "Rarden's sentence is not void, nor contrary to law" and "[r]es judicata applies to the lawful elements of his ensuing sentence." *Rarden*, 2018-Ohio-4487 at ¶ 25. Therefore, finding no merit to any of the arguments raised herein, Rarden's second assignment of error lacks merit and is overruled.

**{¶ 25}** Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.