[Cite as *State v. Rarden*, 2019-Ohio-3227.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-02-039 |
| - vs - | : | O P I N I O N<br>8/12/2019 |
| | : | |
| LONNIE RARDEN, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case Nos. CR2006-07-1271 and CR2006-09-1593

Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Lonnie Rarden, #A547085, London Correctional Institution, 1580 State Route 56, SW London, Ohio 43140, pro se

**RINGLAND, J.**

{¶ 1} Appellant, Lonnie Rarden, appeals a decision of the Butler County Court of Common Pleas following the issuance of a nunc pro tunc entry remedying a clerical error.

{¶ 2} In 2006, Rarden was indicted and charged with several felonies and misdemeanors, including one count of felony escape, two counts of felony complicity to perjury, and one count of felony complicity to tampering with evidence, all felonies of the third

degree. Following a jury trial, Rarden was found guilty of all charges and sentenced to 26 and one-half years in prison. This court affirmed Rarden's conviction on direct appeal and the Ohio Supreme Court declined review. *State v. Rarden*, 12th Dist. Butler No. CA2007-03-077 (Apr. 21, 2008) (Accelerated Calendar Judgment Entry); *State v. Rarden*, 125 Ohio St.3d 1416, 2010-Ohio-1893.

{¶ 3} Since that time, Rarden has filed numerous challenges to his prison sentence. *State v. Rarden*, 12th Dist. Butler Nos. CA2010-04-095, CA2010-05-106, and CA2010-05-126 (Feb. 7, 2011) (Accelerated Calendar Judgment Entry); *State v. Rarden*, 130 Ohio St.3d 1497, 2011-Ohio-6556; *State v. Rarden*, 12th Dist. Butler No. CA2013-07-125, 2014-Ohio-564; *State v. Rarden*, 139 Ohio St. 3d 1407, 2014-Ohio-2245; *State v. Rarden*, 12th Dist. Butler No. CA2015-12-214; *State v. Rarden*, 146 Ohio St. 3d 1515; *State v. Rarden*, 12th Dist. Butler No. CA2018-03-044, 2018-Ohio-4487; *State v. Rarden*, 154 Ohio St. 3d 1511, 2019-Ohio-601; *State v. Rarden*, 12th Dist. Butler No. CA2018-12-230, 2019-Ohio-2161.

{¶ 4} On March 19, 2018, Rarden filed identical motions in Case Nos. CR2006-07-1271 and CR2006-09-1593 requesting the trial court correct the alleged "illegal sentences" imposed in both cases.

{¶ 5} On November 13, 2018, while his two motions were still pending, Rarden filed an additional motion requesting the trial court correct the alleged "void" sentence.

{¶ 6} On November 28, 2018, the trial court issued two separate decisions denying all three of Rarden's motions upon finding his claims were barred by the doctrine of res judicata. Rarden again appealed and this court affirmed. *Rarden*, 2019-Ohio-2161 at ¶ 25.

{¶ 7} During the pendency of the most recent appeal, on February 13, 2019, the trial court issued a nunc pro tunc decision correcting a clerical error, reflecting that the November 28, 2018 entry overruled Rarden's November 13, 2018 motion, rather than a prior motion reflected in the original entry. Rarden now appeals, raising a single assignment of error for

review:

{¶ 8} A TRIAL COURT DID NOT HAVE JURISDICTION TO ISSUE A NUNC PRO TUNC ENTRY WHILE THE APPELLANT HAD AN APPEAL PENDING.

{¶ 9} In his sole assignment of error, Rarden argues the trial court was without jurisdiction to issue the February 13, 2019 nunc pro tunc decision due to the fact that an appeal was already pending. Therefore, Rarden requests that this court reverse and remand this matter to the trial court. We disagree and find this appeal should be dismissed.

{¶ 10} It is well-settled that courts possess the authority to correct errors in judgment entries so that the record speaks the truth. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 18; Crim.R. 36. Nunc pro tunc entries are used to make the record reflect what the court actually decided and not what the court might or should have decided or what the court intended to decide. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, ¶ 15. A nunc pro entry applies retrospectively to the judgment it corrects and does not create a new final order from which a new appeal may be taken. *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 14, citing *Lester* at ¶ 19-20.

{¶ 11} In this case, the trial court's February 13, 2019 nunc pro tunc decision merely corrected a clerical error. As held by the Ohio Supreme Court in *Lester* and *Qualls*, such an entry does not create a new final order for appellate review. Because the February 13, 2019 nunc pro tunc decision is not a final appealable order, we lack jurisdiction to resolve this appeal. Therefore, the appeal is dismissed for lack of a final appealable order. R.C. 2505.02; *See State v. Bonner*, 10th Dist. Franklin No. 14AP-611, 2015-Ohio-1010, ¶ 29.

{¶ 12} Appeal dismissed.

HENDRICKSON, P.J., and S. POWELL, J., concur.

- 3 -