[Cite as *State v. Baker*, 2019-Ohio-3828.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|   |   |   |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | |
| | : | |
| - vs - | | CASE NO. CA2018-09-185 |
| | : | |
| | | O P I N I O N |
| MOLLIE BAKER, | : | 9/23/2019 |
| Defendant, | : | |
| - and - | : | |
| JEFF BROWN BAIL BONDS, INC., | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY AREA III COURT
Case No. CRB1501832

Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Mark J. Keller, One Oakwood Avenue, Suite 484, Dayton, Ohio 45409, for appellant

**RINGLAND, P.J.**

{¶ 1} Appellant, Jeff Brown Bail Bonds, Inc. ("JBBB"), appeals the decision of the Butler County Area III Court ordering forfeiture of bond.

{¶ 2} On December 28, 2015, Mollie Baker was arrested and charged with petty theft in violation of R.C. 2913.02. The trial court set Baker's bond at $10,000 cash or surety.

Baker posted a surety bond issued by JBBB and was released on January 4, 2016.

{¶ 3} Following her release, Baker never again appeared before the trial court. Baker's arraignment was continued until February 2, 2016. Baker's arraignment was then continued five more times until August 16, 2016 when the trial court issued a warrant for her arrest.

{¶ 4} On August 18, 2016, the trial court ordered JBBB to produce Baker on or before October 4, 2016 or show cause why the bond should not be forfeited. JBBB subsequently requested, and was granted, additional extensions of time. In memoranda to the trial court, JBBB alleged that Baker was in California and JBBB was working with her family to get her to return to Ohio.

{¶ 5} On November 17, 2016, JBBB moved to be released from the bond, claiming that Baker was incarcerated in Los Angeles County Jail pending a misdemeanor case. The trial court denied JBBB's request.

{¶ 6} The matter was continued several more times until November 22, 2017, when the trial court issued another show cause order and scheduled a hearing for December 5, 2017. JBBB did not appear for that hearing.

{¶ 7} Nearly seven months later, and more than two and one-half years after Baker was released on bond, the trial court entered a decision on July 24, 2018, ordering the bond forfeiture. The trial court noted that JBBB failed to appear at the December 5, 2017 hearing and had "ample opportunity" to secure Baker's presence. JBBB now appeals, raising a single assignment of error for review:

{¶ 8} THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE SURETY'S MOTION TO BE RELEASED FROM DEFENDANT'S BOND AND SUBSEQUENT FORFEITURE.

{¶ 9} In its sole assignment of error, JBBB argues the trial court abused its discretion

- 2 -

by denying its motion to be released from the surety bond and ordering forfeiture. Following review of the limited record before this court, we find this appeal should be dismissed because the trial court's July 24, 2018 entry was not a final appealable order.

{¶ 10} The purpose of a bail bond is to insure the appearance of the defendant at all stages of the criminal proceedings. *State v. Hughes*, 27 Ohio St. 3d 19, 20 (1986), citing Crim.R. 46(A). If the defendant fails to appear, R.C. 2937.35 provides for bond forfeiture. Pursuant to that provision:

> Upon the failure of the accused or witness to appear in accordance with its terms the bail may in open court be adjudged forfeit, in whole or in part by the court or magistrate before whom he is to appear. But such court or magistrate may, in its discretion, continue the cause to a later date certain, giving notice of such date to him and the bail depositor or sureties, and adjudge the bail forfeit upon failure to appear at such later date.

R.C. 2937.35.

{¶ 11} Following declaration of forfeiture, R.C. 2937.36 sets forth the relevant procedure. In pertinent part, as to recognizances under R.C. 2937.36(C), the magistrate or clerk "shall notify the accused and each surety within fifteen days after the declaration * * * of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice * * * why judgment should not be entered against each of them for the penalty stated in the recognizance." Continuing, R.C. 2937.36(C) then provides:

> If good cause by production of the body of the accused or otherwise is not shown, the court or the magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases. The proceeds of the sale shall be received by the clerk or magistrate and distributed as on forfeiture of cash bail.

{¶ 12} Based on the evidence before this court, the trial court's July 24, 2018 entry is

the first time the record shows that the trial court declared bond forfeiture.[1] Although there is an October 7, 2016 scheduling entry that purports to set bond forfeiture proceedings under R.C. 2937.36, the scheduling entry does not state that there has been an adjudication of forfeiture. *See* R.C. 2937.36 (Forfeiture proceedings) ("magistrate or clerk shall notify the accused and each surety within fifteen days after the declaration of forfeiture * * * of the default of the accused and the adjudication of forfeiture * * *.") In fact, there is no indication that bond forfeiture was declared either prior to or within the scheduling entry. Thus, we find that the July 24, 2018 entry constitutes the declaration of bond forfeiture and proceedings shall continue pursuant to R.C. 2937.36. This conclusion is further supported by the fact that the July 24, 2018 entry does not "enter judgment against" JBBB as contemplated in R.C. 2937.36, which states that:

> [t]he court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases.

{¶ 13} As a result, the trial court's July 24, 2018 entry does not constitute a judgment against the surety, nor is it a final appealable order for purposes of appellate review. It is well-established that an appellate court lacks jurisdiction over an order that is not final and appealable. *Barber v. Ryan*, 12th Dist. Butler No. CA2010-01-006, 2010-Ohio-3471, ¶ 6. Therefore, this appeal is dismissed. R.C. 2505.02; *See State v. Rarden*, 12th Dist. Butler No. CA2019-02-039, 2019-Ohio-3227, ¶ 11.

{¶ 14} Appeal dismissed.

PIPER and M. POWELL, JJ., concur.

---

1. We note that the trial court has provided JBBB with ample opportunity to produce the defendant. Following several continuances, and after being provided with more than two years to produce the defendant, JBBB failed to attend the December 5, 2017 hearing for which it was properly noticed.