[Cite as *State v. Rarden*, 2022-Ohio-873.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                          :

    Appellee,                         :          CASE NO. CA2021-07-090

                                      :          O P I N I O N
- vs -                                              3/21/2022

                                      :

LONNIE RARDEN,                          :

    Appellant.                        :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case Nos. CR2006-07-1271 and CR2006-09-1593


Michael T. Gmoser, Butler County Prosecuting Attorney, and John C. Heinkel, Assistant Prosecuting Attorney, for appellee.

Lonnie Rarden, pro se.



**HENDRICKSON, J.**

{¶1} On March 21, 2007, Lonnie Rarden ("appellant") was convicted on felony escape, felony retaliation, two felony counts of complicity to perjury, felony complicity to tampering with evidence, felony menace by stalking, and seventeen misdemeanor counts of violating a protection order. Following a jury trial, appellant was sentenced to 26 and one-half years in prison.

{¶2} On March 26, 2007, appellant filed a "Motion for Modification of Verdict" pursuant to Crim. R. 33(A)(4), and a notice of appeal. Both were handwritten and submitted pro se. The trial court denied the motion for modification of verdict on May 16, 2007, and appellant appealed that denial to this court. We denied appellant leave to appeal the trial court's order, finding that because appellant had already filed a notice of appeal in the underlying case, the trial court did not have jurisdiction to consider the motion to modify verdict. *State v. Rarden*, 12th Dist. Butler No. CA2007-09-230 (Nov. 7, 2007) (Entry Denying Leave to Appeal).

{¶3} This court later affirmed appellant's convictions and sentences in his direct appeal. *State v. Rarden*, 12th Dist. Butler No. CA2007-03-077 (Apr. 21, 2008) (Accelerated Calendar Judgment Entry). Since that time, appellant has filed numerous additional challenges to his convictions and sentences. *See State v. Rarden*, 12th Dist. Butler Nos. CA2010-04-095, CA2010-05-106, and CA2010-05-126 (Feb. 7, 2011) (Accelerated Calendar Judgment Entry); *State v. Rarden*, 12th Dist. Butler No. CA2013-07-125, 2014-Ohio-564; *State v. Rarden*, 12th Dist. Butler No. CA2015-12-214, 2016-Ohio-3108; *State v. Rarden*, 12th Dist. Butler No. CA2018-03-044, 2018-Ohio-4487; *State v. Rarden*, 12th Dist. Butler No. CA2018-12-230, 2019-Ohio-2161; *State v. Rarden*, 12th Dist. Butler No. CA2019-02-039, 2019-Ohio-3227. The Ohio Supreme Court has consistently declined to review these cases.

{¶4} On June 18, 2021, appellant filed an "Amendment or Supplement to Defendant's Motion for New Trial, or to Modify the Verdict filed on March 26, 2007." This new motion purported to be an addendum to appellant's March 26, 2007 "Motion for Modification of Verdict," which appellant characterized as "pending." The purported amendment expanded the scope of appellant's initial motion in which he "ask[ed] that [the] court modify the verdict in the above captioned case without a new trial." The amendment

recharacterizes the 2007 motion as a motion for a new trial and also requests a new trial pursuant to Crim.R. 33(A)(1) and (5) as well as R.C. 2945.79(A), (D), and (E), none of which were argued in the 2007 motion.

{¶5} The state filed a motion requesting the trial court strike appellant's 2007 motion and 2021 amendment. On July 20, 2021, the trial court denied appellant's motion and his amendment with prejudice. Appellant appeals, raising three assignments of error.

{¶6} Assignment of Error No. 1:

{¶7} A DEFENDANT IN A CRIMINAL CASE HAS THE RIGHT TO FILE A MOTION FOR A NEW TRIAL, AND IT IS AN ABUSE OF DISCRETION AND REVERSIBLE ERROR FOR A COURT TO STRIKE SUCH MOTION FROM THE FILES.

{¶8} Appellant first argues that the trial court erred by striking his 2007 motion for modification, which he now characterizes as a motion for a new trial, as well as his purported 2021 amendment and a motion for extension of time to respond. "An appellate court reviews a trial court's decision granting or denying a motion to strike under an abuse-of-discretion standard of review." *New Residential Mtge. LLC v. Barnes*, 12th Dist. Warren No. CA2020-04-027, 2020-Ohio-6907, ¶ 16. "An abuse of discretion is more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably." *Id.*

{¶9} Pursuant to the previous version of Crim.R. 33(A)(4), "a new trial may be granted where 'the verdict is not sustained by sufficient evidence or is contrary to law.'"[1] *State v. Litton*, 12th Dist. Preble No. CA2016-04-005, 2016-Ohio-7913, ¶ 20, *quoting* Crim.R. 33(A)(4). Alternatively,

---

1. Crim.R. 33(A)(4) was amended effective July 1, 2021. Appellant's motion was made prior to the amendment, though neither appellant nor the state acknowledges the change of language in their briefs. Our decision in this case is limited to the previous version of the rule effective at the time of appellant's 2007 motion. *State v. Bartrum*, 121 Ohio St.3d 148, 2009-Ohio-355, ¶ 19.

> [i]f the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified.

Crim.R. 33(A)(4) (effective to June 30, 2021). In his 2007 motion, appellant specifically prayed for modification of the verdict without a new trial. In the memorandum in support of this motion, appellant asserted that the evidence reflected that he should have been convicted of crimes of a lesser degree than those of which he was ultimately convicted.

{¶10} We will first discuss whether we have jurisdiction regarding issues relating to appellant's 2007 motion. "It is settled that the filing of a notice of appeal divests the trial court of jurisdiction and that any subsequent ruling or order by the trial court is null and void." *In re Estate of Meyer*, 63 Ohio App.3d 454, 457 (12th Dist. 1989), fn. 2. "Where a trial court enters an order without jurisdiction, its order is void and a nullity, and * * * puts the parties in the same position they would be in if it had not occurred." *Fifth Third Mtge. Co. v. Orebaugh*, 12th Dist. Butler No. CA2011-03-039, 2011-Ohio-4472, ¶ 13. As noted above, this court found the trial court's order denying appellant's 2007 motion void for lack of jurisdiction. *Rarden*, CA2007-09-230 (Nov. 7, 2007). Appellant's 2007 motion was therefore pending before the trial court following the order of this court. *See Fifth Third* at ¶ 15.

{¶11} We next address the propriety of appellant's 2021 amendment. There is simply no legal basis which would enable appellant to unilaterally amend and supplement his 2007 motion fourteen years later, as his 2021 filing purports to do. Crim.R. 33 contains no provision permitting a defendant to modify a motion for a new trial, let alone to do so without leave of the trial court. As such, the trial court did not abuse its discretion by striking appellant's purported amendment. Similarly, appellant was not entitled to respond to the

state's reply brief, let alone to receive an extension to do so. The trial court properly denied this motion and we need not consider the merit of any argument raised by appellant in his 2021 amendment.

{¶12} We further find that the trial court did not abuse its discretion in striking appellant's 2007 motion. "When a trial court fails to rule on a motion, an appellate court considers the motion denied." *New Residential Mtge.*, 2020-Ohio-6907, at ¶ 16; *see also In re F.B.*, 12th Dist. Brown No. CA2021-03-002, 2022-Ohio-499, ¶ 61 ("Where a court fails to mention or rule on a pending motion, we presume that the motion was implicitly overruled"). Since this court found the trial court's initial order denying the motion void, appellant's 2007 motion remained pending before the trial court. However, appellant chose not to renew his motion after we determined the trial court's order was void, and in fact did not attempt to do so until fourteen years later. During that time, the pending motion may be considered to have been implicitly overruled.

{¶13} "Generally, a reviewing court will presume that a lower court overruled a motion on which it did not expressly rule, in instances where it is clear from the circumstances that that is what the lower court actually intended to do." *State v. Ryerson*, 12th Dist. Butler No. CA2003-06-153, 2004-Ohio-3353, ¶ 54. It is clear from the circumstances that the trial court intended to overrule appellant's motion, based not only on its initial void order denying appellant's motion, but its subsequent rulings in the plethora of postconviction motions that appellant raised in the intervening years. Appellant's first assignment of error is overruled.

{¶14} Assignment of Error No. 2:

{¶15} THERE IS NO RECORD THAT APPELLANT WAIVED HIS RIGHT TO COUNSEL IN BUTLER COUNTY CASE NO. CR2006-07-1271. THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION FOR A NEW

TRIAL.

{¶16} Appellant next argues that because the trial court failed to specifically state both case file numbers at the hearing when he waived his right to counsel, that he never waived his right to counsel in the case whose number was omitted. Although we need not address this argument, as it is raised in appellant's improper 2021 amendment, we note that it is a simple rehashing of his flawed argument in a prior case. *See Rarden*, 2019-Ohio-2161 at ¶ 15-17. In that case, appellant argued that because the trial court failed to specifically recite both separate case numbers, his sentence in the case whose number was omitted must be vacated. *Id.* at ¶ 15.

{¶17} In the case sub judice, appellant made a detailed, knowing, voluntary, and intelligent waiver of his right to counsel on the record in the case whose number was recited. *See Rarden*, CA2007-09-230, at ¶ 3-4. As in the prior case, the files were consistently handled together in the trial court. Appellant now claims, however, that his conviction and sentence violate his constitutional right to counsel because he never waived his right to an attorney in the case whose number was omitted. Appellant's own conduct undermines this argument. Following his waiver of counsel, appellant never indicated thereafter that he desired the assistance of an attorney in *either* case. Appellant's argument is not believable. Additionally, the supplemental authority to which he cites is inapposite to his case. Appellant's second assignment of error is overruled.

{¶18} Assignment of Error No. 3:

{¶19} THE TRIAL COURT WAS MANDATED TO DO A TWO-STEP ANALYSIS WHEN CONSIDERING REQUESTED LESSER INCLUDED OFFENSE INSTRUCTIONS TO THE JURY. THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION FOR A NEW TRIAL ON THIS ISSUE.

{¶20} In his third assignment of error, appellant argues that the trial court abused its

discretion by denying his request for lesser included offense instructions. Specifically, he alleges that the trial court failed to appropriately analyze his claim. Like appellant's second assignment of error, this alleged error was set forth in his improper 2021 amendment, and we therefore need not address it. However, if we did address the merits, this claim would be barred under the doctrine of res judicata. "Res judicata bars a petitioner from 're-packaging' evidence or issues that either were or could have been raised in trial or on direct appeal." *State v. Casey*, 12th Dist. Clinton No. CA2017-08-013, 2018-Ohio-2084, ¶ 15. Appellant has appeared before this court at least eight times raising a wide variety of attacks against his convictions. He could have, and should have, raised these issues in a direct appeal but chose not to do so. Because appellant did not raise the issues in his direct appeal, res judicata bars him from raising them now. Appellant's third assignment of error is overruled.

{¶21} Appellant's appeal is not well taken. As we previously stated, "[n]o matter how many times Rarden moves the trial court to reverse and vacate his sentence, nor how many different arguments Rarden can conjure up while awaiting his 26 and one-half-year prison sentence to end, the fact remains that the sentence imposed by the trial court is neither void nor contrary to law." *Rarden*, 2019-Ohio-2161, at ¶ 24.

{¶22} Judgment affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.